Sucesión de Amador Trías Silva, Etc., recurrentes, *v.* El Registrador de la Propiedad de Guayama, recurrido.

Núm 1120.—*Sometido:* Mayo 26, 1943. *Resuelto:* Junio 14, 1943.

*Antonio J. Amadeo,* abogado de los recurrentes; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En pleito sobre inexistencia de ejecutivo hipotecario y reivindicación, seguido en la Corte de Distrito de Guayama por la sucesión de Amador Trías Silva, compuesta de su viuda e hijos, contra Porto Rican Leaf Tobacco Co. y otros, dicho tribunal, el 22 de abril de 1940, dictó sentencia enmendada declarando que tres fincas marcadas A, B y C, descritas en dicha sentencia, son y siempre han sido de la propiedad de los demandantes. La sentencia expresamente dispuso que fuesen canceladas ciertas inscripciones practicadas a favor de otras personas en relación con las referidas fincas; pero no ordenó que el título de la demandante fuese inscrito en el Registro de la Propiedad. La sucesión demandante presentó en el Registro de la Propiedad de Guayama copia certificada de la sentencia, interesando que las fincas en cuestión fuesen inscritas a su favor.

Además de la copia de la sentencia, los interesados presentaron, en relación con la misma, copia certificada de la relación del caso y opinión que sirvió de base y se hizo formar parte de dicha sentencia.

En la ameritada relación del caso y opinión, aunque no en la sentencia propiamente dicha, se declaró que los demandantes eran dueños de dichos bienes por herencia de Amador Trías Silva, quien falleció en Cayey, Puerto Rico, el 22 de septiembre de 1900.

El registrador denegó la inscripción de la sentencia a favor de los demandantes por no resultar de la copia de la misma, disposición o mandato alguno para que se practicase la inscripción a favor de ellos, y por el fundamento adicional

de no acreditarse el pago de la contribución de herencia, no obstante admitir el registrador en su nota que el causante de la herencia falleció en el año 1900 cuando aun no existía en esta Isla ninguna ley sobre contribución de herencia. Consignó, además, el registrador el defecto subsanable de no haberse acreditado que la sentencia en cuestión fuese firme y ejecutoria, y que la demandante Adela Dufrent, la viuda del causante, fuese su esposa en la fecha en que aquél adquirió dichos inmuebles.

Prescribe el artículo 2 de la Ley Hipotecaria que en los registros de la propiedad se inscribirán, entre otros, "los títulos traslativos o declarativos del dominio de los inmuebles o de los derechos reales impuestos sobre los mismos". Y el artículo 3 dispone que "para que puedan ser inscritos los títulos expresados en el artículo anterior, deberán estar consignados en escritura pública, ejecutoria o documento autenticado expedido por autoridad, o por el gobierno o sus agentes en la forma que prescriban los reglamentos . . . ".

Comentando Morell en su obra Legislación Hipotecaria el artículo 3 de la Ley Hipotecaria española, idéntico al 3 de la nuestra, dice lo siguiente:

"La ejecutoria es el documento público y solemne en que se consigna una sentencia que no admite recurso alguno ordinario ni extraordinario, ya por su naturaleza, ya por haber sido aceptada o consentida por las partes, sentencia que resuelve una contienda judicial.

"La sentencia queda archivada en los autos, equivale a la matriz en las escrituras; se presenta a inscripción un testimonio de ella en el que conste su carácter firme y ejecutorio.

"Son títulos inscribibles siempre que recaigan en cuestiones sobre bienes inmuebles (Resoluciones de 18 de noviembre de 1872 y 15 de julio de 1891); son suficientes para cancelar (Resolución de 8 de febrero de 1877), y deben ser firmes; no pudiendo inscribirse mientras no se acredite que han sido consentidas por las partes expresa o tácitamente (Resolución de 27 de febrero de 1875). No obstante, si el Tribunal, estimándola firme manda llevarla a efecto, el Registrador no puede discutir su carácter, y debe proceder a cumplir lo ordenado, inscribir o cancelar (Resoluciones de 16 de febrero de 1883 y 8 de junio de 1905).

"Para inscribir una sentencia, es preciso presentar testimonio de ella expedido por el actuario, sin que baste su inserción en una escritura (Resolución de 29 de noviembre de 1884), *y sin que sea necesario mandamiento, a no exigirlo expresamente alguna ley* (Resolución de 22 de noviembre de 1893).

"Pero no son solamente las sentencias, ya referentes a bienes inmuebles o a declaración de incapacidad legal, las que en virtud de testimonio judicial pueden inscribirse o servir de fundamento a algún asiento practicable en el Registro, sino también los autos y a veces las simples providencias." Obra citada, tomo 1, págs. 577-8. (Bastardillas nuestras.)

No existe en nuestra ley ningún precepto que expresamente exija la expedición de un mandamiento judicial para que pueda inscribirse una sentencia referente a bienes inmuebles. Basta, pues, para la inscripción de una sentencia, acreditar su existencia mediante copia literal, autenticada por el secretario del tribunal que la dictó y certificando que la misma es firme, a fin de evitar el defecto subsanable de no haber acreditado que la sentencia es ejecutoria. Por consiguiente carece de fundamento el primer motivo de la nota recurrida. Pasemos ahora al segundo.

■ Los derechos a la sucesión de una persona se trasmiten desde el momento de su muerte. Artículo 603 del Código Civil. Fué desde el preciso instante del fallecimiento de Amador Frías Silva, acaecido en el año 1900, que los recurrentes se convirtieron en dueños de la finca en cuestión. En otras palabras, la sentencia no trasmitió a ellos ningún derecho que antes no tenían; tan sólo declaró el que ellos tenían desde el fallecimiento del causante. Es evidente, pues, la inaplicabilidad de la contribución de herencia a una que ha sido trasmitida antes de aprobarse la ley imponiendo tal contribución.

■■ En lo que sí tiene razón el registrador es en cuanto señala los defectos subsanables de no acreditarse que la sentencia sea firme y que Adela Dufrent, la viuda del causante, fuese su esposa en la fecha en que él adquirió dicho inmueble. Quizás convenga aclarar que si bien en la resolución de 8 de

febrero de 1877 que aparece en la cita de Morell, supra, se sostuvo que no puede inscribirse la sentencia mientras no sea firme, esa manifestación debe tomarse en relación con la doctrina de la Ley Hipotecaria prevaleciente en España—y en la nuestra hasta que fué posteriormente enmendada—, dispositiva de que los títulos con defectos subsanables no eran inscribibles; pero dentro de nuestra vigente Ley Hipotecaria, donde los defectos subsanables no impiden la inscripción, no hay duda alguna de que una certificación de la cual no resulte expresa o implícitamente que la sentencia es firme, es inscribible con el defecto subsanable de no haberse acreditado esa circunstancia.

Tiene razón el registrador en cuanto a los defectos subsanables por él señalados, *y por consiguiente procede revocar la nota recurrida en cuanto deniega la inscripción solicitada, y ordenar que se practique ésta con los dos defectos subsanables consignados por el Registrador.*