Diego Sánchez, recurrente, *v.* El Registrador de la Propiedad de Caguas, recurrido.

Núm. 1236.—*Sometido:* Enero 10, 1949. *Resuelto:* Enero 17, 1949.

*José O. Sabater*, abogado del recurrente; *R. Cintrón Lastra*, Registrador de la Propiedad de Caguas, compareció por escrito.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En 21 de abril de 1948 Julio E. Iguina otorgó escritura pública ante notario y a virtud de ella vendió a Diego Sánchez cierta finca rústica compuesta de una cuerda de terreno. Presentada copia certificada de la misma al registro de la propiedad para su inscripción ésta fué denegada, basándose el registrador en que "no se expresa que en su original se haya adherido y cancelado el sello de veinte y cinco centavos del Impuesto Notarial que establece la sección 6ª, de la Ley núm. 170 aprobada en mayo 15 de 1939." El registrador recurrido sin duda tuvo en mente además lo resuelto por este Tribunal en *Rosario* v. *Registrador*, 65 D.P.R. 464.

■■■ Provee, en lo pertinente la indicada sección 6 de la "Ley para Regular el Ejercicio de la Profesión Notarial en Puerto Rico" (Leyes de 1906, pág. 141), según fué enmendada por la Ley núm. 170 de 15 de mayo de 1939 (pág. 863), lo que pasamos a copiar en seguida::

"*. . . . . Disponiéndose,* que será deber de todo notario *adherir
y cancelar* en cada escritura original que otorgare y en las copias
que de ellas se expidieren, un sello que el Colegio de Abogados de
Puerto Rico, adoptará y expedirá por valor de veinticinco centavos
(25¢) el producido de la venta de cuyo sello ingresará a los fondos
de dicho colegio; *Y disponiéndose, además, que la escritura original
o la copia de la misma en la que no se hubiere adherido dicho sello
se considerará nula para todos los efectos.*" (Bastardillas nuestras.)

Interpretando la aludida sección decidimos en *Rosario* v.
*Registrador,* supra, que la copia certificada de toda escritura
notarial debe expresar que el sello del Colegio de Abogados
se halla adherido y cancelado en la escritura original para
que la misma pueda ser inscrita. Empero, en la copia de
la escritura objeto del presente recurso el notario hace cons-
tar claramente que "en el original están cancelados los sellos
correspondientes de rentas internas y el Notarial." Si bien
esa constancia no se ajusta textualmente a lo provisto por la
sección 6, supra, sin embargo ella es suficiente. Lo que el
notario quiso sin duda significar fué que los correspondien-
tes sellos de rentas internas habían sido cancelados en el ori-
ginal, así como también el sello notarial, estando elíptica en
dicha constancia la palabra "sello". La frase "sello nota-
rial" así completada no puede referirse en manera alguna
al sello del notario, sino que necesariamente tiene que sig-
nificar el sello del impuesto notarial, ya que el sello del nota-
rio no se cancela, sino que se estampa o fija tanto en las
escrituras matrices como en sus copias.

Por otra parte, si bien es cierto que el notario no expresa
en la referida constancia el hecho de que el sello del impuesto
notarial fué adherido a la escritura original, nos parece cues-
tión de lógica que para poderse cancelar dicho sello en el
original el mismo tiene que estar de hecho adherido a la
escritura matriz.

Es preferible, desde luego, que los notarios den cum-
plimiento estricto al estatuto citado y que en las copias que
han de presentarse al registro para su inscripción hagan cons-

476

tar claramente que en el original de la escritura se adhirió y canceló el sello del impuesto notarial requerido por la ley. Al así hacerlo se evitarán contratiempos y dilaciones indebidas. Pero en el presente caso una interpretación sensata del estatuto (Cf. *West India Oil Co.* v. *Buscaglia, Tes.,* 61 D.P.R. 782, 789) requiere que se llegue a la conclusión a que hemos llegado y que en su consecuencia *se revoque la nota recurrida y se ordene la inscripción solicitada.*