José R. Seda, Inspector de Protocolos del Tribunal Supremo de Puerto Rico, peticionario *v.* Manuel H. Dubón, Notario Público, recurrido.

Número: O-77-475          Resuelto: 27 de marzo de 1978

*José R. Seda,* Inspector de Protocolos del Tribunal Supremo de Puerto Rico, *pro se; Luis E. Dubón, Jr.,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Las operaciones de liquidación, partición y división de la herencia de Hostos M. Gallardo Herrero se consignaron en documento privado de fecha 26 de junio, 1974 autenticado por el notario Lic. Jorge Luis Suárez bajo afidávit Núm. 75.434 suscrito por los herederos e interesados en la herencia,

en el que se fijó al caudal(¹) repartido un valor de $7,066,347.06; y por contarse entre los herederos menores de edad representados por defensor judicial y haberse adjudicado bienes en pago de deudas, (²) la partición contractual fue sometida para aprobación al Tribunal Superior, Sala de Bayamón, que dictó resolución aprobatoria el 26 junio 1974 por la que ordenó a su Secretario que desglosara del expediente el original del documento privado de partición y lo entregara al notario recurrido Lic. Manuel H. Dubón para su protocolización, quien al efecto autorizó un documento público que transcrito dice:

"—NUMERO DIEZ Y SEIS

– ACTA DE PROTOCOLIZACION DE LAS OPERACIONES
– DE LIQUIDACION, PARTICION Y DIVISION DE LA
– HERENCIA DE DON HOSTOS M. GALLARDO HERRERO
—En la ciudad de Bayamón, Puerto Rico, a los veintiséis días del mes de junio de mil novecientos setenta y cuatro.

—MANUEL H. DUBON—ABOGADO—NOTARIO

en ejercicio en esta Isla, con oficina abierta en el Decimoquinto Piso del Edificio Banco de Ponce, en el Barrio de Hato Rey, de la ciudad de San Juan, Puerto Rico, y con vecindad y residencia en Guaynabo, Puerto Rico.

—COMPARECE:

—DE UNA SOLA PARTE:—DON MOISES COTTO VILLA—NUEVA, mayor de edad, casado, empleado y vecino de Bayamón,

---

(¹) El caudal objeto de partición no incluía inmuebles ni derechos reales inscribibles en el Registro de la Propiedad.

(²) Ordena el Art. 605 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 2626) :

"Siempre que se verificase una partición de herencia, en la cual hubiere interesados menores de edad, o incapaces, si se adjudicaren bienes de la herencia en pago de deudas, a herederos, o extraños, deberá someterse a la aprobación de la sala competente del Tribunal Superior y si ésta, con audiencia del fiscal, quedare satisfecha de la certeza de la deuda y de que la adjudicación en pago de la misma es razonable y justa, podrá aprobar dicha adjudicación en pago, sin necesidad de la subasta pública."

Puerto Rico . . . . . . . . . . . . . . . . . quien concurre en este acto en su carácter de Secretario Interino de la Sala de Bayamón del Tribunal Superior de Puerto Rico, en cumplimiento de la Resolución dictada por dicho Tribunal en esta misma fecha, en el expediente Civil Número Setenta y Dos guión Trescientos Veinticuatro (72-324) seguido por Roberto Martín Maldonado, Peticionario Ex-parte, sobre Solicitud de Cartas Testamentarias. —Yo, el Notario, doy fe de conocer personalmente al compareciente, y por sus dichos, de su edad, estado, profesión, vecindad y carácter en que comparece, asegurándome tener, y a mi juicio tiene, la capacidad legal necesaria para el presente otorgamiento, sin que nada me conste en contrario, y en su virtud libremente,

## —EXPONE:

—PRIMERO:—Que con fecha veintiséis de junio de mil novecientos setenta y cuatro, y por documento suscrito ante el Notario Don Jorge Luis Suárez . . . . . . . . . . . . . . . , Affidavit Número Setenta y Cinco Mil Cuatrocientos Treinta y Cuatro (75,434) . . . . . . . . . . . . . . , el Licenciado Roberto Martín Maldonado, en su carácter de Albacea Testamentario y Contador Partidor de los bienes de la herencia de Don Hostos M. Gallardo Herrero, en su carácter de Tutor Testamentario de Wallace Miguel y Jorge Alberto González Gallardo, y en su carácter de Fiduciario del Fideicomiso Testamentario constituido en su testamento por el mencionado Don Hostos M. Gallardo Herrero, en unión a Doña Herminia Ronda Viuda de Gallardo, cónyuge supérstite del citado don Hostos M. Gallardo Herrero, y de todos los demás herederos, legatarios y demás interesados en la herencia de dicho finado, formalizaron las Operaciones de Liquidación, Partición y División de su herencia, las cuales fueron sometidas a la aprobación de la Sala de Bayamón del Tribunal Superior de Puerto Rico, a tenor con las disposiciones contenidas en el Artículo Seiscientos Cinco del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 2626), cuyo Tribunal, por Resolución de esta misma fecha impartió su aprobación a las referidas Operaciones Particionales, uniéndose a, y haciéndose formar parte de este documento, copia certificada de la referida Resolución.

—SEGUNDO:—Que por la misma citada Resolución, se dispuso la protocolización de las referidas Operaciones de Liquidación, Partición y División de la herencia de dicho Don Hostos M. Ga-

llardo Herrero, en la Notaría del Licenciado Manuel H. Dubón, en cumplimiento de cuya orden el compareciente me requiere como Notario, para que proceda a dicha protocolización, haciéndome entrega en este acto del documento original que contiene dichas Operaciones Particionales.

—*TERCERO:*—En su virtud, dando por recibido el documento original de referencia que contiene dichas Operaciones Particionales, yo el Notario, procedo a protocolizarlo uniéndolo a continuación de esta Acta luego de rubricar y estampar con mi sello Notarial cada página de dicho documento, y lo inserto en mi Protocolo de Instrumentos Públicos correspondiente al presente año y bajo el número de este acto, para que quede formando parte del mismo, y se inserten en las copias que de la presente escritura libre en su día.

## —*ACEPTACION*

—Tal es la escritura que acepta el compareciente ratificándola en todas sus partes por hallarla redactada conforme a sus instrucciones y deseos, procediendo yo, el Notario, a hacerle las advertencias pertinentes de ley.

## —*OTORGAMIENTO*

—Así lo dice y otorga el compareciente por ante mí, luego de haber renunciado al derecho que le hice saber tenía para requerir la presencia de testigos instrumentales.

## —*LECTURA*

—Leída en alta voz esta escritura al otorgante por mí, el fedatario, y también leída personalmente por él, en la misma se ratifica, fija sus iniciales en todos y cada uno de los folios de este documento, y firma en un solo acto, por ante mí, el Notario, que de todo lo anteriormente consignado en el presente documento público, DOY FE.

—Entrelíneas: 'Interino'—Vale. REPITO LA FE."

En el curso de una inspección del protocolo del notario recurrido el Inspector Lic. José R. Seda, peticionario, encontró que la escritura transcrita no tenía sellos de rentas internas ni estampilla del Colegio de Abogados adheridos y cancelados, manteniendo el Inspector de Protocolos el criterio de

que por envolver el documento un caudal neto distribuido de $7,066,347.06, debió el notario cancelar sellos por valor de $3,534.00 devengados por disposición de la Sec. 2 (e) de la Ley de Arancel Notarial Núm. 101 de 12 de mayo, 1943 (4 L.P.R.A. sec. 851 (e) ), y $1.00 de impuesto notarial del Colegio. A la exigencia del Inspector opuso el notario su criterio de que el transcrito documento de protocolización está exento del pago de todo derecho por ser su único otorgante el Secretario del Tribunal Superior (Bayamón), funcionario público que actuó en el curso de asuntos oficiales (13 L.P.R.A. sec. 1928(1) ) ; y que en la alternativa dicho documento tiene carácter de acta sin valor sobre el cual computar los derechos de Arancel, por lo que pagaría $1.00 a tenor de 4 L.P.R.A. sec. 852. La divergencia de criterios fue planteada por el Inspector de Protocolos mediante petición al Tribunal Superior, Sala de San Juan, a tenor del Art. 38 ([3]) de la Ley Notarial (4 L.P.R.A. sec. 1038).

Oyó el tribunal de instancia al Inspector y al Notario, y el 7 noviembre, 1977 dictó Resolución en la que descartó la aplicación de 13 L.P.R.A. sec. 1928(1) y concluyó que el documento de protocolización es un acta, diferenciable de una escritura, que sólo devenga $1.00 a tenor de la Sec. 3 de la Ley Núm. 101 de 12 mayo, 1943 (Arancel Notarial), 4 L.P.R.A. sec. 852, que en lo pertinente dispone:

---

[3] Este Art. 38 ordena el siguiente procedimiento:

"Si durante el curso del examen surgiera cualquier divergencia de criterio entre el inspector de protocolos y el notario, en relación con la forma y manera de llevar éste sus protocolos y registros de afidávits, o con respecto al cumplimiento de cualquiera de las otras disposiciones de este Capítulo o de cualquiera otra ley de Puerto Rico, incluyendo las de arancel notarial, el inspector deberá hacerlo constar en su informe haciendo una breve exposición de los hechos y de las razones en que se funda la controversia, y dicho informe será remitido a la sala del Tribunal Superior del lugar en que ejerza el notario para que oyendo al inspector y al notario resuelva la controversia, pudiendo su resolución revisarse por el Tribunal Supremo mediante recurso de *certiorari* interpuesto dentro de diez (10) días después de notificado."

"Los poderes, actas y demás documentos de cualquier clase hechos ante notario público, en que no se fija cuantía, pagarán por su original un (1) dólar cada uno y por cada copia cincuenta (50) centavos cada uno; . . . ."

Al recurrir el inspector en *certiorari*, expedimos el 4 de enero, 1978 la siguiente orden sobre mostración de causa:

"Tenga el Notario Sr. Manuel H. Dubón plazo hasta el 31 de enero de 1978 para comparecer a mostrar causa por la que no deba expedirse el auto y anular la Resolución dictada el 7 de noviembre de 1977 por el Tribunal Superior, Sala de San Juan, (Rosa-Resto, J.) declarando que el documento mediante el cual se protocolizaron las operaciones particionales del caudal relicto por Hostos M. Gallardo con un valor de $7,066,347.06 no está sujeto al arancel de derechos para instrumentos públicos ordenado por 4 L.P.R.A. sec. 851, sino al pago de $1.00 que a las actas impone 4 L.P.R.A. sec. 852; y en su lugar dictarse sentencia sujetando el referido documento de protocolización a la cancelación de sellos de rentas internas por valor de $3,534.00 (4 L.P.R.A. sec. 851) y $1.00 de impuesto notarial del Colegio de Abogados."

Ha comparecido el notario recurrido, reiterando los planteamientos ante instancia, y acordamos revocar.

## I

█ La contención del notario recurrido reclamando exención total de derechos para la escritura de protocolización por ser documento otorgado por funcionario en el curso de asuntos oficiales, carece de base estatutaria.

La antigua Ley de Arbitrios de 9 marzo, 1905 enmendada en 1907 y 1912, disponía en su Sec. 31 (13 L.P.R.A. sec. 1928):

*"Impuesto sobre autenticación o inscripción de documentos*

Se impondrá, cobrará y pagará:

(1) Sobre cada instrumento o documento original autorizado por notario público o inscrito por un registrador . . . un dólar; Disponiéndose, que en los documentos que se otorgaren por fun-

cionarios en el curso de asuntos oficiales no se impondrá, cobrará o pagará ningún impuesto.

(2) Sobre cada copia de dichos instrumentos o documentos originales ... cincuenta centavos.

(3) Por cada registro o inscripción de dichos instrumentos o documentos o de sus copias ... cincuenta centavos.

(4) Por cada afidávit o declaración de autenticidad otorgado ante notario público, juez de paz, u otro funcionario, pero sin incluir a los funcionarios del Servicio de Rentas Internas cuando tomaren declaraciones, afidávits y juramentos en materias referentes a la tasación de la propiedad, y a infracciones de las leyes de rentas internas ... veinticinco centavos; Disponiéndose, que no se impondrá el impuesto en los instrumentos que se otorgaren ante los jueces de paz, u otros funcionarios judiciales, referentemente a los asuntos en procedimientos judiciales de que ellos conocieren.

Los impuestos que por la presente se disponen se pagarán fijando al documento, instrumento, afidávit o declaración de autenticidad, un sello de rentas internas de la debida denominación, el cual será cancelado por el funcionario ante el cual se otorgare el documento o instrumento, escribiendo en el mismo sus iniciales y la fecha en que se fija.

Toda persona que autorizare o inscribiere, o haga que se autorice o inscriba, cualquier instrumento o documento o su copia, sin que antes se haya pagado el impuesto prescrito en esta sección, convicta que fuere será castigada con multa de cien (100) dólares."

Los números (1), (2) y (4) de esta Ley fueron sustituidos por la Ley de Arancel Notarial, Núm. 31 de 30 de noviembre, 1917 (II), cuestión que ahora resolvemos, pero que ya antes asumimos en *dictum* de *Meléndez* v. *Registrador*, 63 D.P.R. 1023, 1030 (1944). Dicha Ley de 1917 fue a su vez sustituida por la Ley Núm. 101 de 12 mayo, 1943 (4 L.P.R.A. sec. 851) sobre cobro de derechos para instrumentos públicos, que es el Arancel Notarial vigente. Quedó así eliminada la exención que la Ley de 1905 establecía para documentos públicos notariales otorgados por funcionarios en el curso de asuntos oficiales, a pesar de que dicha Ley de Arancel Núm. 101 de 1943 eximió de sus disposiciones la escritura cuyo

único objeto sea el reconocimiento de hijos naturales (Sec. 3) ; el "duplicado de la copia" de los contratos de refacción agrícola y molienda de cañas (Sec. 5) y otros numerosos documentos enlistados en la Sec. 6 de la Ley. (⁴)

No podemos aceptar el argumento del recurrido de que admitido el carácter oficial de la comparecencia del Secretario del Tribunal Superior como único otorgante del acta de protocolización, exigirle a éste el pago de derechos de arancel resultaría en situación en que el Gobierno se impone una contribución a sí mismo. Aparte de que la exención provista en la Sec. 31, inciso 1° de la Ley de 9 marzo, 1905 se tornó inoperante por la legislación posterior que antes hemos glosado, el

---

(⁴) Esta Sec. 6 de la Ley Núm. 101 de 1943 (4 L.P.R.A. sec. 855) fue enmendada por la Ley Núm. 3 de 24 mayo, 1960 y por la Ley Núm. 122 de 2 junio, 1976 y tiene en la actualidad el siguiente texto:

"Tampoco serán aplicables las disposiciones de las secs. 851 a 858 de este título a pólizas de seguro; conocimientos de embarque y de transportación terrestres y otros documentos similares relativos a la transportación de carga (exceptuando contratos de transportación); fianzas judiciales; cartas de pago y recibos de cantidades no consignadas en documentos públicos, siempre que la cuantía sea menor de $500, facturas comerciales; *tickets* o boletos de pasaje; pagarés, giros; cheques, letras de cambio y otros documentos negociables, de acuerdo con las disposiciones del Código de Comercio, ni a contratos de refacción agrícola en que el préstamo no exceda de $2,500, en los cuales sea una parte o intervenga directa o indirectamente cualquier corporación, asociación, o agencia creada en virtud de leyes del Congreso de los Estados Unidos de América, o asociaciones cooperativas para fines no pecuniarios organizadas de acuerdo con las leyes de Puerto Rico para dar facilidades de crédito a los agricultores. Tampoco serán aplicables las disposiciones de dichas secciones a las escrituras de constitución, modificación y cancelación de hipotecas en garantía de préstamos concedidos por los sistemas de retiro del Estado Libre Asociado de Puerto Rico, la Universidad de Puerto Rico, la Autoridad de las Fuentes Fluviales, la Asociación de Maestros, o cualquier sistema de retiro establecido por cualquier agencia, instrumentalidad, autoridad o corporación pública del Estado Libre Asociado. Disponiéndose además, que tampoco serán aplicables las disposiciones de dichas secciones, a las escrituras donde el Fideicomiso de Conservación de Puerto Rico, según el mismo ha sido creado y es operado bajo la escritura número 5 de 23 de enero de 1970, ante el Notario Luis F. Sánchez Vilella, adquiera, traspase, grave o enajene bienes que se relacionen con los fines para los cuales dicho Fideicomiso fue creado y organizado."

Secretario no es parte interesada en la partición. Sólo a aquellos otorgantes que son parte(5) interesada en el objeto del documento público corresponde pagar por los sellos. "La cancelación de ciertos sellos de rentas internas en toda escritura notarial es, en su esencia, una manera que El Pueblo de Puerto Rico tiene para recaudar ingresos y el deber de cumplir con tal requisito, a nuestro juicio, recae primordialmente sobre los notarios de esta Isla. Con ello las partes no quedan relevadas de la responsabilidad de suministrar los sellos al notario." *Lázaro* v. *Sucn. Toro Cabañas*, 53 D.P.R. 201, 205 (1938).

## II

La referencia en la Sec. 3 de la Ley de Arancel Notarial Núm. 101 de 12 mayo, 1943 (4 L.P.R.A. sec. 852) de documentos en que no se fija cuantía comprende en esta clasificación única y exclusivamente aquéllos que por su naturaleza se limitan a impartir autenticidad y publicidad a un acto, contrato o procedimiento en el que no aparezca cuantía alguna, expresa o determinable. A los efectos del Arancel Notarial no hay separación o individuación entre el acta o escritura de protocolización y el documento protocolizado. Ambos componen un todo o unidad al punto en que para cumplir el requisito de protocolización las dos piezas se mantienen juntas en el protocolo del notario autorizante.(6) Luego, no

---

(5) Tampoco en una escritura de venta judicial en que el Alguacil es "otorgante" con carácter representativo del vendedor, viene dicho funcionario obligado a pagar por los sellos, a pesar de que el Art. 1344 del Código Civil (31 L.P.R.A. sec. 3751) dispone que los gastos de otorgamiento de escritura serán de cuenta del vendedor, y los de la primera copia serán de cuenta del comprador.

(6) La inseparabilidad del acta y de la Resolución o ejecutoria se destaca en el texto de la propia escritura Núm. 16 que nos concierne, cuyo párrafo tercero dice:

"—TERCERO:—En su virtud, dando por recibido el documento original de referencia que contiene dichas Operaciones Particionales, yo el Notario, procedo a protocolizarlo uniéndolo a continuación de esta Acta luego de rubricar y estampar con mi sello notarial cada página de dicho documento,

puede decirse que falta noción de cuantía sobre la que pueda computarse el Arancel. Sí, hay una cuantía fija y reconocible, sin necesidad de ulterior determinación matemática, cual es el valor del caudal hereditario objeto de las operaciones particionales aprobadas por el Tribunal Superior.

■ Siguiendo a Azpeitia ha sostenido este Tribunal que a pesar de la distinción, consolidada dentro de la técnica española, de escrituras matrices por un lado y actas notariales por otro, la palabra escritura matriz tiene una acepción lata, dentro de la cual se comprenden también las actas notariales, instrumentos públicos, porque, en efecto, las actas tienen una exteriorización primaria que es el original, siempre matriz, y que también es esencialmente escritura. *Ponce Real Estate Corp.* v. *Registrador*, 87 D.P.R. 215, 221 (1963). La Ley de Arancel Notarial es de naturaleza tributaria. Desde sus orígenes en la Ley de 9 marzo, 1905, pág. 255 tenía el propósito de allegar rentas para el Fisco mediante la imposición de un arbitrio sobre autenticación de documentos. En su efecto impositivo no distingue entre escritura y actas. Aquel estatuto de 1905 hacía gravitar su impuesto "sobre cada instrumento o documento original autorizado por notario" (Inciso 1); y "sobre cada copia de dichos instrumentos o documentos originales" (Inciso 2). Hoy la vigente Ley de Arancel Notarial Núm. 101 de 12 mayo, 1943 ordena en su Sec. 2 (4 L.P.R.A. sec. 851):

"En cada documento e instrumento original, autorizado por notario público, que haya de ser protocolizado, y sus copias, se fijarán y cancelarán sellos de rentas internas de los siguientes valores o denominaciones: . . . ."

■ Lo que hace asequible el documento a la imposición del derecho o arbitrio no es su contextura de documento pú-

---

y lo inserto en mi Protocolo de Instrumentos Públicos correspondiente al presente año y bajo el número de este acto, para que quede formando parte del mismo, y se inserten en las copias que de la presente escritura libre en su día."

blico (escritura) por el que se exterioriza un *acto* jurídico que comprende una declaración de voluntad, a diferencia del acta cuya materia propia es simplemente la narración de un hecho jurídico, [7] toda vez que ambas, tanto escritura como acta están clasificadas como "documentos" que ingresan al protocolo del notario. El factor diferenciante a los fines de estos derechos notariales, es la cuantía. De hecho el Arancel establece una escala progresiva de tributación empezando por documentos cuya cuantía "no exceda de $250", hasta aquéllos en que "la cuantía exceda de $5,000". Cuando se enfrenta a la alternativa de documentos sin cuantía fija, tampoco hace la ley distinción entre escrituras y actas al generalizar en su Sec. 3 (4 L.P.R.A. sec. 852):

> "Los poderes, actas y *demás documentos de cualquier clase* hechos ante notario público en que no se fija cuantía, pagarán por su original un (1) dólar cada uno . . . ." (Énfasis suplido.)

No es por tanto correcto afirmar que las actas notariales reciben un tratamiento especial en la legislación arancelaria. Los derechos notariales se pagan al Gobierno a cambio de la seguridad y protección que el Estado a través del Notario ofrece para preservación de la integridad del documento una vez unido al protocolo cuya custodia está cuidadosamente regulada, [8] así como por la dispensa de fe pública notarial que imparte al documento autenticidad y

---

[7] *Ponce Real Estate Corp.* v. *Registrador,* 87 D.P.R. 215, 220-221 (1963).

[8] Los protocolos pertenecen al Estado Libre Asociado de Puerto Rico, pero los notarios los conservarán como archiveros de los mismos y bajo su responsabilidad (4 L.P.R.A. sec. 1034); el protocolo no podrá ser extraído del edificio en que se custodie a no ser por decreto judicial o por disposición de ley (4 L.P.R.A. sec. 1033); deberá encuadernarse anualmente, con índice (4 L.P.R.A. sec. 1031); en caso de muerte o incapacidad del notario y cuando cese voluntaria o forzosamente en la práctica del notariado, los protocolos se entregarán al archivero general del correspondiente distrito (4 L.P.R.A. sec. 1035).

calidad oponible a tercero. (⁹) Fue tras ese valor de autenticidad, publicidad y garantía de preservación que los contratantes en las operaciones particionales de bienes relictos al óbito de Hostos M. Gallardo eligieron e interesaron la protocolización del documento privado de partición una vez dictado auto aprobatorio por el Tribunal Superior. Fue una elección libre porque la resolución del tribunal incorporando las diligencias judiciales constituía en sí documento público irrecusable, que hace fe por sí solo, por disposición de la Ley de Procedimientos Especiales (32 L.P.R.A. sec. 2625), (¹⁰) concordante del Art. 2 de la Ley Hipotecaria (30 L.P.R.A. sec. 2) el cual da acceso registral a las resoluciones judiciales o administrativas (¹¹) consideradas como títulos traslativos o declarativos del dominio; y del Art. 3 (30 L.P.R.A. sec. 3) que al reglar la forma de los documentos impone como requisito para que puedan ser inscritos los títulos el que estén "consignados en escritura pública, ejecutoria o documento auténtico, expedido por Autoridad Judicial, o por el Gobierno o sus agentes en la forma que prescriban los reglamentos." (¹²) "Nada dispone la

---

(⁹) Art. 1181 Código Civil (31 L.P.R.A. sec. 3282).

"La fecha de un documento privado no se contará respecto de terceros, sino desde el día en que hubiese sido incorporado o inscrito en un registro público, desde la muerte de cualquiera de los que lo firmaron, o desde el día en que se entregase a un funcionario público por razón de su oficio.

"La misma disposición se aplicará respecto al mandante, con relación a los contratos efectuados por mandatarios, en los casos a que se refieren y salvo las excepciones que consignan las secs. 3453 y 4487 de este título, en sus últimos respectivos párrafos."

(¹⁰) Art. 604 Código Enjuiciamiento Civil.

"Aprobadas definitivamente las particiones, cada una de las partes interesadas tendrá derecho a una copia certificada del auto definitivo de la divisoria, que deberá contener todos los requisitos necesarios para la inscripción en el registro de la propiedad, declarando tales documentos títulos inscribibles."

(¹¹) Roca Sastre, *Derecho Hipotecario*, Tomo 2, págs. 643, 646, Sexta Edición (1968).

(¹²) Al mismo efecto, Art. 51 del Reglamento Hipotecario (30 L.P.R.A. sec. 881), *Sucn. Trías* v. *Registrador*, 62 D.P.R. 234 (1943); *Rivera* v.

ley con referencia a que en el caso de verificarse privadamente la partición haya necesidad de hacerlo por documento otorgado ante notario, y nada dispone tampoco con respecto a la protocolización de las particiones. No exigiendo la ley dichos requisitos, nos parece que en el actual estado de derecho es bastante que los interesados puestos de acuerdo lleven a efecto la partición y la consignen en un documento bien sea público o ya privado que someterán a la aprobación de la corte de distrito. Y aprobada que sea por la corte, en la forma que dispone la ley, podrá inscribirse en el registro por medio de copia certificada de la divisoria, y del auto aprobándola, siempre que contenga todos los requisitos necesarios para ello. El expediente original quedará archivado en la corte de distrito." *Rovira* v. *Registrador*, 21 D.P.R. 415, 419 (1914).

█ El propio recurrente reconoce, citando de *Vda. de Giol* v. *Giol García*, 98 D.P.R. 227, 235 (1969), que la copia certificada del auto definitivo de la divisoria constituye un documento de títulos inscribibles que hace innecesario el otorgamiento subsiguientemente de una escritura de partición. Sin embargo, no puede haber escapado al recurrido los beneficios prácticos que de la protocolización se derivan, aun cuando se limitaran como él sostiene a viabilizar la expedición de copias. Una vez ingresado el documento como parte del protocolo de instrumentos públicos y amparado por la autenticidad, publicidad y protección que para el caso provee la Ley Notarial, el acta de protocolización está sujeta al pago de arancel computado sobre el valor neto del caudal repartido.

█ La cuantía base para computar los derechos de arancel de un documento público notarial, sea escritura, acta o de cualquier otra índole, de no aparecer del propio documento, deberá tomarse de las constancias, diligencias y anejos que se unen al original permaneciendo en el protocolo y que refle-

---

*Registrador*, 74 D.P.R. 127 (1952); *Bermúdez* v. *Registrador*, 74 D.P.R. 151 (1952).

jen el valor envuelto en el acto o negocio jurídico objeto del otorgamiento. *Cf. Empire Life Ins. Co. v. Registrador*, 105 D.P.R. 136 (1976).

*Se dictará sentencia de conformidad. Revocada.*

El Juez Asociado Señor Rigau no intervino.