*In re* MANUEL MERINO QUIÑONES, querellado.

*Número:* 4384    *Resuelto:* 26 de noviembre de 1984

*Govén Martínez Surís, Director de Inspección de Notarías,* quere-
llante; el querellado no compareció.

PER CURIAM: Mediante resolución de fecha 23 de diciem-
bre de 1983, en vista del incumplimiento por parte del abo-
gado Manuel Merino Quiñones, con una orden para mostrar
causa que emitiera este Tribunal relativa la misma a la
práctica de la notaría, suspendimos al referido abogado del
ejercicio de la profesión. Ordenamos al Alguacil General de
este Tribunal que procediera a incautarse de la obra nota-
rial del mismo. Posteriormente, mediante resolución de
fecha 8 de marzo de 1984, procedimos a reinstalarlo; en su
consecuencia ordenamos que, al así solicitarlo el referido
abogado, se le entregara su obra notarial.

Mediante el memorando de fecha 6 de septiembre de
1984, el Director de Inspección de Notarías nos ha infor-
mado que la inspección que realizara de los protocolos del
referido abogado demostró determinadas deficiencias en los
sellos de rentas internas y del impuesto notarial en los proto-
colos correspondientes a los años de 1980, 1981 y 1982; que a
pesar de varias comunicaciones que le dirigiera a esos efec-
tos, dicho abogado no ha corregido las referidas deficiencias;
y que el mencionado abogado no ha reclamado su obra no-
tarial, a pesar de la misma estar disponible desde el mes de
marzo de 1984.

La práctica de algunos abogados-notarios de no
cancelar los correspondientes sellos de rentas internas
inmediatamente que otorgan una escritura no sólo consti-
tuye una violación a la Ley Notarial de Puerto Rico,(1) sino
que podría inclusive resultar en la configuración de un
delito de apropiación ilegal,(2) por cuanto el importe de

_____

(1) 4 L.P.R.A. sec. 1006.

(2) Transcurrido un término irrazonable de tiempo sin que dichos sellos hayan
sido cancelados.

dichos sellos es por lo general cobrado por el notario a su cliente al momento de la otorgación del instrumento con el propósito expreso y específico de la compra y cancelación de los referidos sellos. Cuando menos, constituye una práctica altamente censurable que no debe ser continuada, que no estamos dispuestos a tolerar, y que puede constituir, por sí sola, causa suficiente para la separación de un abogado del ejercicio de la notaría en Puerto Rico.

En el presente caso el abogado Manuel Merino Quiñones incumplió con dicha obligación en relación con escrituras otorgadas durante los años de 1980, 1981 y 1982. A la fecha de la inspección de dichos protocolos llevada a cabo por el Director de la Oficina de Inspección de Notarías —efectuada durante el mes de mayo de 1984— todavía el notario en controversia no había cancelado los sellos de rentas internas correspondientes; más aún, desatendió los requerimientos que a esos efectos le hiciera el mencionado director. Dicha conducta amerita la separación permanente del ejercicio del notariado en Puerto Rico del abogado Manuel Merino Quiñones.(3) *Se dictará sentencia de conformidad con lo antes expuesto.*

---

(3) El referido abogado tendrá, so pena de sanciones respecto al ejercicio de la abogacía, el término de diez (10) días para corregir las deficiencias señaladas por el Director de Inspección de Notarías.