*In re* FAUSTINO APONTE PARÉS.

*Número:* 3158 *Resuelto:* 12 de enero de 1993

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías; Faustino R. Aponte* y *Arturo Aponte Parés,* abogados del querellado; *Faustino Aponte Parés, pro se.*

PER CURIAM: El 12 de diciembre de 1991 el Director de la Oficina de Inspección de Notarías, Lcdo. Govén D. Martínez Surís, nos informó que una inspección de la obra notarial del abogado Faustino Aponte Parés reflejaba serias deficiencias en sus Protocolos de 1988, 1989, 1990, 1991 y en el Registro de Testimonios, consistentes en no haberse adherido los sellos de rentas internas ascendentes a $76,000, ello *después* de haber satisfecho unas deficiencias en sus Protocolos de 1984, 1985 y 1986.

Con vista a dicho informe, procedimos de inmediato a suspenderlo provisionalmente del ejercicio de la notaría e instruimos al Alguacil General que se incautara de su obra notarial para el examen posterior por el Director de la Oficina de Inspección de Notarías. Simultáneamente, le concedimos al licenciado Aponte Parés un término de treinta (30) días para que mostrara causa por la cual no debería ser suspendido indefinidamente de la notaría y separado del ejercicio de la profesión legal.

Luego de varias prórrogas, ha comparecido.

I

En su escrito, el licenciado Aponte Parés expone que una merma en los servicios profesionales que prestaba para dos (2) instituciones bancarias, problemas personales en la esfera afectiva y el cumplimiento de unos compromisos como deudor solidario, le ocasionaron "una depresión económica y emocional". Moción Mostrando Causa, pág. 2. Aduce, además, que nuestra resolución que dicta la suspensión lo enfermó (úlcera en el duodeno, pancreatitis aguda y posible diverticulitis). Nos señala haber subsanado las deficiencias en sellos con la ayuda económica familiar y de amigos íntimos. Reconoce "que cometió grave error de juicio al no cancelar sellos en sus escrituras" (íd., pág. 4), que está sumamente arrepentido y ha recibido una lección.

Finalmente, en su abono indica haber prestado satisfactoriamente un servicio activo desde 1982 al presente en el programa Pro Bono, Inc. Suplica la sanción que sea prudencialmente apropiada.

II

En *In re Colón Muñoz*, 131 D.P.R. 121 (1992), ratificamos toda la casuística referente al carácter estricto de la obligación de cancelar sellos en las escrituras públicas (*In re Platón*, 113 D.P.R. 273 (1982)); que su incumplimiento exponía al notario a graves sanciones correctivas, incluso la separación del ejercicio de la profesión, ya que la omisión era de *naturaleza continua* (*In re Feliciano*, 115 D.P.R. 172 (1984)); que la práctica notarial de no cancelarlos inmediatamente después de otorgada una escritura no sólo constituía una violación a la Ley Notarial de Puerto

Rico, "sino que podría inclusive *resultar en la configuración de un delito de apropiación ilegal*, por cuanto el importe de dichos sellos es por lo general cobrado por el notario a su cliente al momento de la otorgación del instrumento con el propósito expreso y específico de la compra y cancelación de los sellos. Cuando menos constituye una práctica altamente censurable e intolerable que no debe ser continuada y que puede constituir *por sí sola causa suficiente para la separación de un abogado del ejercicio de la notaría en Puerto Rico*". *In re Merino Quiñones*, 115 D.P.R. 812, 813–814 (1984).

 A tono con esos pronunciamientos, en *In re Quidgley Viera*, 119 D.P.R. 72, 73–74 (1987), suspendimos del ejercicio de la profesión en ocasión del abogado *ignorar* nuestros requerimientos de que subsanara la no cancelación de sellos después de ser separado de la notaría. Ante su inacción, dijimos: "Enfatizamos una vez más la importancia de cancelar los sellos de rentas internas y notariales. Hemos señalado que 'se defrauda al erario cuando se persiste obstinadamente en no adherir a las escrituras los sellos de rentas internas que ordena el arancel notarial'. *In re Platón*, 113 D.P.R. 273, 274 (1982)."

 La contención del licenciado Aponte Parés en el sentido de que la "falta de cancelación de sellos no afectó a terceros ni a los otorgantes", Moción Mostrando Causa, págs. 3–4, pasa por alto que hasta tanto sean adheridos y cancelados, la validez de las escrituras o de las copias certificadas está en entredicho, pues las mismas son anulables. Art. 10 de la Ley Notarial de Puerto Rico 4 L.P.R.A. sec. 2021; *Banco de Santander de P.R. v. Registrador*, 115 D.P.R. 44 (1984); *Rivera Cabrera v. Registrador*, 113 D.P.R. 661 (1982); *Inspector de Protocolos v. Dubón*, 107 D.P.R. 50 (1978); *Empire Life Ins. Co. v. Registrador*, 105 D.P.R. 136 (1976); *Sánchez v. Registrador*, 69 D.P.R. 474 (1949); *In re Feliciano*, supra; *In re Merino Quiñones*,

452

*supra; S. Torres Peralta,* La nueva Ley Notarial de Puerto Rico, *48 (Núm. 3) Rev. C. Abo. P.R. 104 (1987); P. Malavet Vega,* Manual de Derecho Notarial Puertorriqueño, *Ponce, Ed. Corripio, 1988, págs. 115–116.*

### III

El trasfondo doctrinario pauta el camino a seguir. Estamos ante importantes intereses públicos y privados. Nuestra consideración no puede sacrificarlos. La magnitud de las deficiencias a nivel económico rebasó el máximo actual de $25,000 que la Ley Notarial de Puerto Rico exige como fianza. El tiempo transcurrido —cinco (5) años— su efecto acumulativo y la tardanza del notario Aponte Parés en cumplir ese deber ministerial, no tiene justificación. Únicamente su historial previo nos mueve a limitar nuestra sanción disciplinaria a la suspensión indefinida de la notaría.

*Se dictará la correspondiente sentencia.*