El Juez Asociado Señor Fuster Berlingeri no intervino.

---

*In re* FRANCIS GONZÁLEZ OLIVER.

*Número:* 1434            *Resuelto:* 27 de junio de 1994

---

*Fracis González Oliver, pro se.*

PER CURIAM: Nuevamente este Tribunal asume jurisdicción disciplinaria sobre un notario, quien ha incumplido con su deber de adherir y cancelar inmediatamente los Sellos de Rentas Internas al autorizar instrumentos públicos.

I

El 17 de junio de 1993 el Lcdo. Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías, nos informó que existían deficiencias en los Protocolos del Lcdo. Francis González Oliver correspondientes a 1988, 1989 y 1990. Tales deficiencias, que consistían en no haber adherido los Sellos de Rentas Internas por un valor de siete mil doscientos cuarenta y nueve dólares con cincuenta centavos ($7,249.50) ni sellos notariales por cuarenta y un dólares ($41), no habían sido subsanadas a pesar de las múltiples oportunidades concedidas por el licenciado Martínez Surís.

Por tal razón, emitimos una Resolución el 2 de julio de 1993 para conceder al abogado notario treinta (30) días para subsanar y justificar las deficiencias encontradas.[1] El licenciado González Oliver compareció para explicar que los sellos no adheridos se habían perdido durante la mudanza de su oficina.

Posteriormente, el abogado-notario nos presentó una carta que le había enviado el Sr. José M. Gómez Cruz, socio administrador de Doncella Development Corporation, en la cual admitía que en una transacción hipotecaria realizada con Poli-Coop no se pagaron los sellos notariales de rigor. El remitente se comprometió con el licenciado González Oliver a pagar los sellos antes de fin de año, por lo que el abogado-notario nos solicitó una prórroga para subsanar las deficiencias en sus Protocolos.

En vista de lo anterior, concedimos al notario un término para cumplir nuestra Orden de 2 de julio. Ante el incumplimiento del notario, el 17 de diciembre de 1993 concedimos un término final a vencer el 31 de dicho mes y año, apercibiéndole con la suspensión automática del ejercicio de la abogacía si no subsanaba las deficiencias notificadas. El 29 de diciembre el licenciado González Oliver cumplió con la orden.

Posteriormente, el Lcdo. Govén D. Martínez Surís nos informó que el licenciado González Oliver había subsanado las deficiencias mencionadas pero que existían otras. El licenciado González Oliver no había cancelado algunos Sellos de Asistencia Legal en su registro de testimonios y no había encuadernado los Protocolos de 1991 y 1992. Previo a la comparecencia del notario a estos efectos, el 25 de febrero de 1994 ordenamos al Director de la oficina de Inspección de Notarías que en veinte (20) días sometiera un informe suplementario.

En cumplimiento de la orden, el Lcdo. Govén D. Martínez Surís informó que "los protocolos y registros de testi-

---

[1] La resolución fue notificada personalmente el 1ro de septiembre de 1993.

monios del notario cubriendo hasta 1993 cumplen con lo dispuesto en la Ley Notarial y tienen adheridos los correspondientes sellos de rentas internas, notariales y para asistencia legal". Carta de 15 de marzo de 1994.

En vista de lo anterior, el 30 de marzo de 1994 emitimos la resolución siguiente:

> Informado el Tribunal que el Lic. Francis González Oliver cumplió con la resolución de 25 de febrero de 1994, se le concede al abogado un término de treinta (30) días para que comparezca y muestre causa por la cual este Tribunal no deba ejercer su jurisdicción disciplinaria por no adherir los sellos notariales, rentas internas y para asistencia legal y emitir la sanción correspondiente por su incumplimiento con el ordenamiento notarial. Véanse: *In re Colón Muñoz*, 131 D.P.R. 121 (1992); *In re Figueroa Abreu*, 124 D.P.R. 810 (1989); *In re Vergne Torres*, 121 D.P.R. 500 (1988).

En su comparecencia, el licenciado González Oliver explica que la dilación en adherir los sellos obedeció a las razones siguientes. Primero, señala que autorizó varias escrituras de primera hipoteca en las cuales la entidad financiera calculó el monto de los sellos que debían cancelarse sobre el principal únicamente, excluyendo así —erróneamente y sin que el abogado notario se percatara de ello— los sellos correspondientes a los anticipos y créditos adicionales. Segundo, aduce que, al autorizar una escritura de hipoteca, la acreedora Poli-Coop se negó a pagar por los sellos correspondientes, alegando que no estaba obligada a ello por ser una cooperativa. Por último, alega que la deficiencia en su libro de testimonios obedece a que en muchas ocasiones no cobró el arancel a varios clientes de escasos recursos, por lo que tuvo que pagarlos con su dinero.

Por estas circunstancias particulares, el abogado-notario nos solicita que se archive este asunto. Considerados los preceptos claros de nuestro ordenamiento notarial y la jurisprudencia aplicable, procede denegar su petición.

## II

■   Es requisito de cumplimiento estricto que el notario adhiera y cancele inmediatamente los Sellos de Rentas Internas a favor del Estado y del Colegio de Abogados de Puerto Rico cuando autorice los instrumentos públicos. Sec. 2 de la Ley Núm. 101 de 12 de mayo de 1943, según enmendada por la Ley Núm. 5 de 12 de agosto de 1982 (4 L.P.R.A. sec. 851); *In re Colón Muñoz*, 131 D.P.R. 121 (1992); *In re Platón*, 113 D.P.R. 273 (1982). El incumplimiento de este deber se considera una falta grave, por ser de naturaleza continua, y expone al notario a sanciones correctivas que incluyen su separación del ejercicio de la profesión de abogado. *In re Skerrett Yordán*, 134 D.P.R. 403 (1993); *In re Aponte Parés*, 132 D.P.R. 448 (1993); *In re Colón Muñoz*, supra; *In re Vergne Torres*, 121 D.P.R. 500 (1988); *In re Jaime Collazo*, 119 D.P.R. 61 (1987); *In re Jiménez del Valle*, 119 D.P.R. 41 (1987); *In re Tirado Saltares*, 118 D.P.R. 576 (1987); *In re Aponte Arché*, 117 D.P.R. 837 (1986); *In re Currás*, 81 D.P.R. 645 (1960); *In re Ramos*, 77 D.P.R. 107 (1954).

■   La importancia del deber de adherir a las escrituras los Sellos de Rentas Internas no debe ser subestimada. Su incumplimiento, además de constituir una violación a la Ley Notarial de Puerto Rico, puede configurar el delito de apropiación ilegal si el notario ha cobrado al cliente el importe de dichos sellos. *In re Quidgley Viera*, 119 D.P.R. 72 (1987); *In re Merino Quiñones*, 115 D.P.R. 812, 813 (1984); *In re Platón*, supra.

■   Por otro lado, mientras los sellos no sean adheridos y cancelados, la validez de las escrituras queda en en-

tredicho, pues son anulables e ineficaces.([2]) *In re Aponte Parés*, supra.

Por todo esto, hemos expresado que la omisión del deber de adherir los sellos "constituye una práctica altamente censurable que no debe ser continuada, que no estamos dispuestos a tolerar". *In re Colón Muñoz*, supra, pág. 155. Véanse: *In re Merino Quiñones*, supra, pág. 814; *In re Aponte Parés*, supra.

En el caso ante nos, el abogado-notario incumplió su deber de adherir los Sellos de Rentas Internas y cancelarlos *al momento de autorizar* los instrumentos públicos otorgados ante él. Su explicación de que los sellos se perdieron durante la mudanza "olvida que su obligación era cancelarlos a medida que otorgaba las escrituras". *In re Colón Muñoz*, supra, pág. 170, opinión de conformidad del Juez Asociado Señor Negrón García, a la que se unió el Juez Asociado Señor Hernández Denton.

■ Por otro lado, la negativa de Poli-Coop de pagar por los sellos no libera al abogado-notario de su responsabilidad. Sabido es que el notario puede rehusar la autorización del documento público hasta que se le haya satisfecho el pago por los derechos arancelarios correspondientes. *In re Colón Muñoz*, supra; *In re Duprey Maese*, 125 D.P.R. 336 (1990); *In re Flores Torres*, 125 D.P.R. 159 (1990); *In re Ralat Pérez*, 124 D.P.R. 745 (1989); *In re Vergne Torres*, supra; *In re Tirado Saltares*, supra; *In re Merino Quiñones*, supra; *In re Feliciano*, 115 D.P.R. 172 (1984); *In re Platón*, supra.

---

([2]) Véanse: Art. 10 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2021; *In re Colón Muñoz*, 131 D.P.R. 121 (1992); *In re Ralat Pérez*, 124 D.P.R. 745 (1989); *In re Merino Quiñones*, 115 D.P.R. 812 (1984); *In re Feliciano*, 115 D.P.R. 172 (1984); *Banco de Santander de P.R. v. Registrador*, 115 D.P.R. 44 (1984); *Rivera Cabrera v. Registrador*, 113 D.P.R. 661 (1982); *Inspector de Protocolos v. Dubón*, 107 D.P.R. 50 (1978); *Empire Life Ins. Co. v. Registrador*, 105 D.P.R. 136 (1976); *Sánchez v. Registrador*, 69 D.P.R. 474 (1949); S. Torres Peralta, *La nueva ley notarial de Puerto Rico*, 48 (Núm. 3) Rev. C. Abo. P.R. 3 (1987); P. Malavet Vega, *Manual de Derecho Notarial Puertorriqueño*, Santo Domingo, Ed. Corripio, 1988, págs. 115–116.

En cuanto a los créditos adicionales de las escrituras de hipoteca, en *In re Colón Muñoz*, supra, resolvimos que debían incluirse en el cómputo de los sellos que han de adherirse a las escrituras de constitución de hipoteca. Añadimos:

> Lo aquí resuelto confirma el estado de derecho vigente, al cual la gran mayoría de los notarios han dado cumplimiento. Ese estado de derecho fue confirmado por dos (2) Sentencias, del Tribunal Superior, una del año 1973 y otra del año 1981. Además, la Oficina del Director de Inspección de Notarías siempre ha interpretado la ley conforme a lo resuelto en dichas dos (2) Sentencias y a lo aquí dispuesto.
>
> Por ello nuestro dictamen aplica al notario recurrido, quien deberá adherir y cancelar los sellos correspondientes a su obra notarial conforme a lo aquí dispuesto, y a todos aquéllos notarios cuyos protocolos estén pendientes de aprobación por el peticionario (Director de Inspección de Notarías) al momento en que emitamos este dictamen.

Según lo anterior, el abogado notario debió verificar sus protocolos posteriores a 1987 y subsanar las deficiencias correspondientes.

Dadas las circunstancias antes descritas, *es preciso suspender indefinidamente al licenciado González Oliver del ejercicio de la notaría.*

*Se dictará la sentencia correspondiente.*