*In re* CARLOS M. NIEVES ORTIZ.

*Número:* TS-8547          *Resuelto:* 2 de marzo de 1998

*Carmen H. Carlos*, Directora de la Oficina de Inspección de Notarías; *Carlos M. Nieves Ortiz, pro se.*

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

# I

El 30 de enero de 1997 la Directora de la Oficina de Inspección de Notarías, Lcda. Carmen H. Carlos, rindió un informe sobre la obra notarial del Lcdo. Carlos M. Nieves Ortiz. Éste renunció a dicha práctica el 1ro de abril de 1996 al ser nombrado, confirmado y juramentado como *Fiscal de Distrito*, asignado eventualmente al Distrito de Humacao.

En síntesis, la Directora, licenciada Carlos, nos expuso que después de haber inspeccionado sus protocolos, luego del primer informe del Lcdo. Gerónimo Lluberas Kells de 17 de abril de 1996, se le cursaron varias comunicaciones al licenciado Nieves Ortiz, se prepararon otros informes y se le concedieron prórrogas. Aún así, a 14 de enero de 1997 subsistían las deficiencias siguientes:

1. Poner su sello y rúbrica [notarial] en todos y cada uno de los anejos del protocolo de 1994 y 1995.
2. *No [hizo] constar la hora del otorgamiento del testamento* dentro del texto de la escritura núm. 15 del 1994[sic] y *no ha hecho mención de la identificación de los testigos por métodos supletorios.*
3. La escritura núm. 16, página 47 del protocolo de 1995 falta poner la nota de saca y de adherir sellos de rentas internas por *$82.00* y un sello notarial de *$1.00.*
4. Al Registro de Affidávits le falta adherir $2,210.00 en sellos de Asistencia Legal para un total de *$2,293.00 en sellos.* (Énfasis en el original suprimido y énfasis suplido.) Resolución de 21 de febrero de 1997, págs. 1–2.

El 21 de febrero le concedimos treinta (30) días para subsanarlas, bajo el apercibimiento de ser suspendido temporalmente del ejercicio de la abogacía sin ulterior trámite y hasta que otra medida dispusiera el Tribunal. Además, en igual término, debería mostrar causa por la cual no deberíamos sancionarlo.

El 3 de noviembre la Directora, licenciada Carlos, nos informó de que el licenciado Nieves Ortiz había corregido finalmente las deficiencias antes apuntadas. Por su parte, éste nos expuso que no fue su intención violar los cánones

del Código de Ética Profesional ni tuvo "interés de perjudicar a nadie". Contestación a Orden para Mostrar Causa, pág. 2. Adujo que todo fue "producto de descuido involuntario". Íd. En su abono, enfatizó que por primera vez era objeto de una posible sanción disciplinaria y reiteró que se desempeñaba como representante del Ministerio Público.

## II

■ Las deficiencias en su omisión de adherir un total de dos mil doscientos noventa y tres dólares ($2,293) en Sellos de Rentas Internas y sellos notariales son *graves.* Implican un manejo sumamente descuidado de la obra notarial y, de ordinario, conllevan fuertes y ejemplarizantes sanciones, tales como la suspensión indefinida de la notaría y/o de la abogacía por un período determinado. *In re Casasnovas Luiggi*, 142 D.P.R. 190 (1997); *In re Cardona Estelritz*, 137 D.P.R. 453 (1994); *In re González Oliver*, 136 D.P.R. 534 (1994); *In re Skerrett Yordán*, 134 D.P.R. 403 (1993); *In re Rodríguez Dávila*, 132 D.P.R. 432 (1993); *In re Aponte Parés*, 132 D.P.R. 448 (1993), e *In re Colón Muñoz*, 131 D.P.R. 121 (1992).

■ Igual *seriedad* reviste la autorización de un testamento sin seguir ni observar rigurosamente (*ad solemnitatem*), las exigencias del Código Civil y la Ley Notarial de Puerto Rico. Ello, de su faz, pone en entredicho su validez. *In re Méndez Rivera*, 141 D.P.R. 753 (1996); *In re Medina Adorno*, 113 D.P.R. 177 (1982).

A la luz de todas las circunstancias expuestas, *procede decretar la suspensión del licenciado Nieves Ortiz del ejercicio de la profesión de abogado por el término de un (1) mes, computado desde que esta sentencia sea final y firme.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López disintió sin una opinión escrita.