*In re* CARLOS M. NIEVES ORTIZ.

*Número:* TS-8547          *Resuelto:* 30 de junio de 1998

*Carlos M. Nieves Ortiz, pro se.*

## SENTENCIA ENMENDADA

### (En reconsideración)

Vista la segunda moción de reconsideración presentada por el Lcdo. Carlos M. Nieves Ortiz, *pro se*, y las extraordinarias circunstancias atenuantes que se desprenden de ella, el Tribunal modifica su Sentencia de 2 de marzo de 1998, a los fines de dejar sin efecto la sanción de suspensión impuesta y, en su lugar, se condena a dicho abogado al pago de una multa de QUINIENTOS DÓLARES ($500) que habrá de ser pagada dentro de los veinte (20) días siguientes a la notificación de esta sentencia.

*Se suspende al licenciado Nieves Ortiz del ejercicio del notariado por un término de seis (6) meses contado a partir de la fecha cuando se reintegre al ejercicio de la práctica privada de la profesión de abogado.*

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Negrón García emitió una opinión disidente. La Juez Asociada Señora Naveira de Rodón no interviene.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

— O —

Opinión disidente emitida por el Juez Asociado Señor Negrón García.

(En reconsideración)

I

Vía reconsideración, no procede sustituir la suspensión de la abogacía impuesta al Lcdo. Carlos M. Nieves Ortiz por una *simple multa de quinientos dólares ($500)* y una *prematura y especulativa* suspensión futura de la notaría.

La mayoría del Tribunal establece hoy un *mal precedente*: un abogado que cesa en la notaría por ser designado Fiscal no será medido (sancionado) con la misma vara disciplinaria que se usa para quienes permanecen en la práctica privada. En materia de medidas disciplinarias, la *Justicia* no debería permitir tales diferencias.

II

En el caso del licenciado Nieves Ortiz,

[l]as deficiencias en su omisión de adherir un total de dos mil doscientos noventa y tres dólares ($2,293) en Sellos de Rentas Internas y sellos notariales son *graves*. Implican un manejo sumamente descuidado de la obra notarial y, de ordinario, conllevan fuertes y ejemplarizantes sanciones, tales como la suspensión indefinida de la notaría y/o de la abogacía por un período determinado. *In re Casasnovas Luiggi*, 142 D.P.R. 218 (1997); *In re Cardona Estelritz*, 137 D.P.R. 453 (1994); *In re González Oliver*, 136 D.P.R. 534 (1994); *In re Skerrett Yordán*, 134 D.P.R. 403 (1993); *In re Rodríguez Dávila*, 132 D.P.R. 432 (1993); *In re Aponte Parés*, 132 D.P.R. 448 (1993), e *In re Colón Muñoz*, 131 D.P.R. 121 (1992).

Igual *seriedad* reviste la autorización de un testamento sin seguir ni observar rigurosamente (*ad solemnitatem*), las exigencias del Código Civil y la Ley Notarial de Puerto Rico. Ello, de su faz, pone en entredicho su validez. *In re Méndez Rivera*, 141 D.P.R. 753 (1996); *In re Medina Adorno*, 113 D.P.R. 177

(1982). (Énfasis en el original.) *In re Nieves Ortiz*, 144 D.P.R. 918, 920 (1998).

Obviamente, la sanción económica de quinientos dólares ($500) anula el propósito normativo de nuestra facultad disciplinaria y debilita su efectividad: la conducta del licenciado Nieves Ortiz trascendió simples irregularidades a la Ley Notarial de Puerto Rico. *"El juzgador no puede ignorar el atributo de compasión justificada, pero tampoco debe sacrificar intereses públicos de alta calidad."* (Énfasis suplido.) *In re Ardín*, 75 D.P.R. 496, 501 (1953).