*In re* PEDRO BAIGÉS CHAPEL.

*Número:* 2475        *Resuelto:* 9 de febrero de 1976

*Govén D. Martínez Suris, Director de Inspección de Notarías; Pedro Baigés Chapel* compareció por su propio derecho.

PER CURIAM: ■ El Lcdo. Pedro Baigés Chapel fue admitido al ejercicio del notariado el 17 de noviembre de 1964. Sus protocolos y su registro de afidávits no pudieron ser examinados por el Inspector de Protocolos hasta mediados del año pasado. Dos Inspectores—el Lcdo. José R. Seda y el Lcdo. Rafael Calor Mota—trataron en varias ocasiones de obtener del notario Baigés Chapel que pusiera a su disposición su obra notarial para inspección. Unas veces porque dicho notario cambiaba de dirección sin notificar de ello al Secretario de este Tribunal en violación de los claros preceptos del Art. 2 de la Ley Notarial, 4 L.P.R.A. sec. 1002, y otras veces porque ignoró o hizo caso omiso de requerimientos personales y por escrito, y de citas concertadas para el examen de sus protocolos y afidávits, no fue hasta que expedimos orden para que mostrara causa por la que no debía ser suspendido de la práctica de la notaría que pudo lograrse la inspección que manda dicha Ley en su Art. 38, 4 L.P.R.A. sec. 1038.

Realizada la inspección, se hallaron deficiencias en dos de las escrituras autorizadas por el notario Baigés Chapel y pertenecientes a su protocolo de 1970. Por resolución de 17 de octubre de 1975 concedimos a dicho notario treinta días para subsanarlas. El 5 de diciembre le concedimos un plazo adicional a vencer el 22 de dicho mes. Hasta el día de hoy no hemos tenido noticias de que se hayan subsanado dichas deficiencias.

Ya en enero de 1973 nos habíamos visto forzados a multar en $25 al notario Baigés Chapel por no haber cumplido con otra disposición de la Ley notarial—el Art. 3, 4 L.P.R.A. sec. 922—que obliga a todo notario a notificar al Secretario de este Tribunal, en el plazo de 72 horas, sobre el otorgamiento de una escritura de protocolización de poder. En aquella ocasión el notario Baigés Chapel desatendió la oportunidad que previamente le dimos para dar explicaciones sobre su incumplimiento de la Ley.

■ La conducta del Lcdo. Pedro Baigés Chapel, informada en la reseña que dejamos hecha, le hace indigno de seguir ostentando la fe pública de que goza un notario. Los notarios deben tener presente que los instrumentos que autorizan no son de su propiedad. Pertenecen al Estado, que ha delegado en ellos su custodia. Como depositarios de la confianza pública, los notarios tienen la obligación de cumplir estrictamente y sin evasivas de clase alguna con todas las disposiciones de la Ley que regula el ejercicio del notariado. Aparte de una simple razón de cortesía, hay razones de moral profesional y de responsabilidad legal para que un notario sea atento y diligente ante los requerimientos de los funcionarios encargados de supervisar la observancia de la Ley Notarial.

*El Lcdo. Pedro Baigés Chapel será suspendido del ejercicio del notariado, y quede apercibido que como abogado debe encauzar sus pasos para no incurrir en la irresponsabilidad y falta de ética profesional con que lamentablemente ha manchado su práctica como notario, inseparable por su naturaleza del ejercicio de la abogacía.*