*In re* JOSÉ ANTONIO RALAT PÉREZ.

*Número:* 5327    *Resuelto:* 9 de noviembre de 1989

---

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías.*

PER CURIAM: Con motivo de un memorando que nos remitiera el Lcdo. Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías —en el cual, en síntesis, nos informó que un examen de la obra notarial del abogado notario José A. Ralat Pérez reflejaba que éste había dejado de adherir en las escrituras que había otorgado como notario durante el año de 1986, según lo requiere la Ley Notarial de Puerto Rico, sellos de rentas internas por una suma en exceso de $7,000.00— mediante Resolución de fecha 15 de junio de 1989 suspendimos a dicho notario, en forma provisional, del ejercicio del notariado en Puerto Rico e instruimos al Alguacil General de este Tribunal para que procediera a incautarse de su obra notarial con el propósito de que la misma fuera examinada por el licenciado Martínez Surís. En adición, le concedimos un término de veinte (20) días al licenciado Ralat Pérez para que procediera a cancelar los sellos de rentas internas correspondientes y para que mostrara causa por la cual no debía "ser suspendido definitivamente de la notaría y separado del ejercicio de la profesión legal". Resolución, pág. 5.

Con posterioridad a ello, y en virtud de solicitudes de prórroga radicadas por el licenciado Ralat Pérez, prorrogamos en dos (2) ocasiones el término concedido mediante la Resolución del 15 de junio de 1989. El término para cumplir con la antes mencionada resolución venció el pasado 30 de

septiembre de 1989. El licenciado Ralat Pérez ni ha corregido las deficiencias antes mencionadas(1) ni ha comparecido a mostrar causa según requerídole por el Tribunal.

I

La obligación de cancelar sellos en los instrumentos públicos es de estricto cumplimiento, y su omisión no sólo expone al notario a sanciones disciplinarias sino que puede resultar en la configuración de un delito de apropiación ilegal. *In re Merino Quiñones*, 115 D.P.R. 812 (1984); *In re Feliciano*, 115 D.P.R. 172 (1984); *In re Platón*, 113 D.P.R. 273 (1982).

Procede enfatizarse el hecho de que el incumplimiento por el notario con la obligación de cancelar los sellos correspondientes en las escrituras que otorga puede tener efectos funestos para la sociedad en que éste convive y trabaja. Hasta tanto dichos sellos sean adheridos y cancelados, la validez de dichas escrituras, o de las copias certificadas, está en entredicho, pues las mismas son anulables e ineficaces. Véanse: Art. 10 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2021; *Sánchez v. Registrador*, 69 D.P.R. 474 (1949); *Empire Life Ins. Co. v. Registrador*, 105 D.P.R. 136 (1976); *Inspector de Protocolos v. Dubón*, 107 D.P.R. 50 (1978); *Rivera Cabrera v. Registrador*, 113 D.P.R. 661 (1982); *Banco de Santander de P.R. v. Registrador*, 115 D.P.R. 44 (1984); S. Torres Peralta, *La nueva Ley Notarial de Puerto Rico*, 48 (Núm. 3) Rev. C. Abo. P.R. 3, 104 (1987); P. Malavet Vega, *Manual de Derecho Notarial Puertorriqueño*, Santo Domingo, Ed. Corripio, 1988, págs. 115–116.

---

(1) Conforme memorando de fecha 1ro de noviembre de 1989 del Director de la Oficina de Inspección de Notarías, el examen de la obra notarial del licenciado Ralat Pérez demuestra que "[e]l gran total de deficiencias aún sin subsanar asciende a $14,610.50".

■ La frecuencia con que se ha repetido esta clase de situación durante los últimos años ciertamente es alarmante y motivo de gran preocupación para este Tribunal. Desde *In re Merino Quiñones*, ante, pág. 814, habíamos advertido y expresado que la práctica de no cancelar los correspondientes sellos era "una . . . altamente censurable que no debe ser continuada, que no estamos dispuestos a tolerar, *y que puede constituir, por sí sóla, causa suficiente para la separación de un abogado del ejercicio de la notaría en Puerto Rico*". (Énfasis suplido.)

## II

■ Por los fundamentos antes expuestos, *se decreta la suspensión permanente del ejercicio del notariado en Puerto Rico del Lcdo. José A. Ralat Pérez.* Como expresáramos anteriormente, el mencionado abogado al presente no ha comparecido a mostrar causa en cumplimiento de nuestra Resolución del 15 de junio de 1989. No contamos, en consecuencia, con los elementos de juicio necesarios para disponer respecto a la procedencia o no de sanciones disciplinarias relativas las mismas al ejercicio de la abogacía en Puerto Rico por parte del licenciado Ralat Pérez. Ello no obstante, *se decreta su suspensión provisional del ejercicio de la abogacía en Puerto Rico hasta tanto éste comparezca y otra cosa disponga el Tribunal. Se dictará sentencia de conformidad.*

El Juez Asociado Señor Alonso Alonso concurre con el resultado sin opinión escrita.