En el Tribunal Supremo de Puerto Rico

| IN RE: | |
|---|---|
| FLOR CASIANO BAEZ | QUEJA |
| | 98TSPR171 |

Número del Caso: AB-98-56

Abogados de la Parte querellante:  por derecho propio

Abogados de la Parte querellada: por derecho propio

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 12/18/1998

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Flor Casiano Báez


AB-98-56


RESOLUCION


San Juan, Puerto Rico, a 18 de diciembre de 1998

El 23 de marzo de 1998, la Sra. María Sáez Albino presentó una queja contra el Lcdo. Flor Casiano Báez. Indicó que sus padres ya fallecieron y que tanto ella como los demás herederos interesan saber el estado legal de los bienes relictos por éstos. Expresó que a tales fines le ha solicitado al licenciado Casiano Báez reiteradamente copia de la Escritura sobre Cesión de Derechos y Acciones Núm. Dieciséis (16), otorgada el 30 de octubre de 1989 ante él, entre Santos Sáez Pacheco, María Albino Alicea (padres de la quejosa) y Mildred Sáez Albino. Continuó alegando la señora Sáez Albino que el licenciado Casiano Báez se ha negado a proporcionarle la copia solicitada sin ofrecer excusa o razón para esta negativa.

La quejosa solicitó, además, que interesaba se le diera "acceso al protocolo del [licenciado Casiano Báez] para verificar las firmas y legitimidad del documento otorgado, ya que a la fecha de la escritura su señora madre, doña María Albino Alicea, se encontraba postrada en cama e imposibilitada de firmar, por lo que es indispensable no tan sólo copia

certificada de la misma sino el acceso al original y la obtención de copia de la misma."

A tenor con lo dispuesto en la Regla 14(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI, la Secretaria del Tribunal le remitió copia de la queja y los documentos que la acompañaban a la Directora de la Oficina de Inspección de Notarías y le solicitó nos rindiera un informe con sus recomendaciones.

El 8 de septiembre la Directora de Inspección de Notarías nos presentó dicho informe. Nos indicó que con motivo de la presentación de la queja, su Oficina dio instrucciones al licenciado Casiano Báez para que remitiera copia fotostática de la Escritura Núm. Dieciséis (16) de 30 de octubre de 1989 y de la Escritura Núm. Doce (12) de 17 de diciembre de 1994. Según la Directora y el propio licenciado Casiano Báez, este último instrumento guarda estrecha relación con el asunto en controversia. Se le solicitó además, al licenciado Casiano Báez que expidiera copia certificada de la Escritura Núm. Dieciséis (16). Mediante comunicación de fecha 18 de mayo de 1998, el licenciado Casiano Báez le informó a la Directora que había cumplido con lo antes solicitado.

Este primer reclamo de la señora Sáez Albino se ha tornado académico. Sin embargo, quisiéramos aclarar que el método utilizado por la quejosa, el procedimiento disciplinario, para la expedición de copias por un notario no es el apropiado. Los Art. 43 a 46 de la Ley Notarial, Ley Núm. 75 de 2 de julio de 1987, según enmendada, 4 L.P.R.A. secs. 2065-2068 y las Reglas 46 a la 52 de su Reglamento, 4 L.P.R.A. Ap. XXIV, son las que rigen esta situación. La Regla 47 dispone específicamente, que de no cumplir el notario con la decisión de la Directora, será entonces que la persona interesada podrá acudir al Tribunal Supremo.

Con respecto a la solicitud de la señora Sáez Albino de acceso al protocolo del notario, para inspeccionar o examinar el original de la escritura, estamos de acuerdo con la Directora, en que éste es un asunto que no debe ser planteado por la vía disciplinaria en primera instancia.

Nos indica la Directora lo siguiente:

> Aquí, al igual que en las múltiples jurisdicciones del notariado latino, el protocolo de instrumentos públicos pertenece al Estado. El notario es un mero custodio por delegación de éste. In re: Colón, 92 J.T.S. 98; In re: Baigés Chapel, 104 D.P.R. 638 (1976). Por principio, la responsabilidad primordial del notario es custodiarlo, encuadernarlo, conservarlo, expedir copias certificadas a las partes con legítimo interés y, de cesar voluntaria o involutariamente del ejercicio del notariado, devolverlo al Estado para su custodia en los correspondientes archivos del país.

> Por principio también, el protocolo es secreto. Para efectos de la calificación del Registrador de la Propiedad, la copia certificada representa el documento que contiene en su fondo y en su forma el título inscribible. Véase, El Derecho Notarial Puertorriqueño, Torres Peralta, Sarah, Sección 12.1, Cap. XII, Las copias de los instrumentos públicos. Si el original permanece en el protocolo del notario, la copia certificada cobra singular importancia, ya que se convierte en la manifestación máxima de la fe pública notarial y es el medio a través del cual cobra eficacia el

instrumento público. En este sentido, el ordenamiento jurídico provee para la expedición de copias certificadas a toda parte con legítimo interés y establece, como indicáramos, el procedimiento administrativo expresado en el Artículo 44 de la Ley Notarial para los casos en que el notario se niegue a expedir la copia certificada.

. . . .

La exhibición del protocolo propiamente está contemplado en forma muy estricta por nuestra Ley Notarial. El principio de la secretividad del protocolo en función además del deber del notario como custodio, parece anteponerse al interés que pueda cualquier parte con legítimo interés tener en que el notario le exhiba el instrumento público. El Artículo 47 de nuestra Ley Notarial propulsa esta afirmación al establecer que el protocolo es secreto y sólo podrá ser examinado siguiendo lo dispuesto en esta Ley.

De otra parte, la comentarista, Lcda. Sarah Torres Peralta, expresa:

El protocolo es secreto y el notario queda totalmente impedido de revelar su contenido. Las excepciones a esta Regla –que por lo demás es absoluta– aparecen expresamente consignadas en la Ley, y son las siguientes:

(1) el examen o inspección del protocolo por el Inspector de Protocolos y por la Oficina del Director de Inspección de Notarías (Artículo 62);

(2) cuando medie orden judicial que requiera la producción del protocolo en corte abierta en determinado caso en que el instrumento público de que se trate constituya evidencia pertinente (Artículo 53);

(3) cuando por disposición estatutaria el notario quede obligado a expedir copias certificadas o simples de instrumentos públicos que formen parte del protocolo, conforme a los Artículos 43 y 46 de la Ley.

Por lo demás la secretividad del protocolo se conservará en todas la etapas de su vida, incluyendo mientras esté en posesión del Archivero General de Distrito, conforme lo dispone el Artículo 64 y más tarde, mientras permanezca en el Archivero General de Puerto Rico, sujeto a las disposiciones del Artículo 69 de la Ley." El Derecho Notarial Puertorriqueño, Torres Peralta, Sarah, Sec. 14.10–14.11. Enfasis suplido.

. . . .

En Casenave v. Guzmán, 23 D.P.R. 135 (1915), protegimos la secretividad de los protocolos notariales frente a una solicitud de exhibición e inspección hecha por una alegada parte con legítimo interés de una escritura matriz de un testamento abierto. En Román v. Agosto, 27 D.P.R. 574 (1919), a manera de excepción permitimos la inspección de un instrumento público, de un testamento en el cual se había hecho un reconocimiento de un hijo natural, mediando, sin embargo, una orden judicial al notario para que mediante la exhibición del protocolo se pudiera evidenciar si el reconocimiento se había llevado a cabo.

Estamos de acuerdo con la Directora en que en nuestra jurisdicción la exhibición del protocolo, o sea, acceso directo al original del instrumento público, es la excepción.

El protocolo, como propiedad del Estado, es estrictamente secreto y sólo será exhibido de conformidad a las propias excepciones que establece la Ley. Por ende, el examen o inspección del protocolo por el Inspector o cuando medie orden judicial son las únicas instancias en que podrá exhibirse directamente. Informe de la Directora de Inspección de Notarías, pág. 7.

Por todo lo antes expuesto, se ordena el archivo de la queja presentada por la señora Luz María Sáez Albino contra el abogado notario Flor Casiano Báez.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo