En el Tribunal Supremo de Puerto Rico

| In re: | Querella |
|---|---|
| Juan Capestany Rodríguez | 99 TSPR 109 |

Número del Caso: TS-4065

Abogado de la Parte Querellante:     Lcda. Carmen H. Carlos,
                                     Directora Oficina de Inspección
                                     de Notarías

Abogado de la Parte Querellada:     Por Derecho Propio

Fecha: 6/30/1999

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Capestany Rodríguez          TS-4065

PER CURIAM

San Juan, Puerto Rico, a 30 de junio de 1999.

I

El 1 de febrero de 1999, la Oficina de Inspección de Notarías (en lo sucesivo "ODIN") nos remitió un informe en el cual señalaba serias deficiencias en la obra notarial del Lcdo. Juan Capestany Rodríguez (en lo sucesivo "el Notario").

Del referido informe se desprende que el 20 de marzo de 1998 se realizó una inspección preliminar del Registro de Testimonios que llevaba el Notario y se encontró que desde el **25 de octubre de 1990 hasta el día de la inspección**, éste no había adherido ni cancelado sellos de asistencia legal en 1277 entradas a razón de $2.00 cada una, para un total de **$2,554.00.** En esa misma fecha el inspector de protocolos concertó otra cita para el 24 de abril de 1998, para la cual el Notario habría subsanado dichas

deficiencias. En la fecha concertada el inspector no encontró cambio alguno en el Registro de Testimonios, realizando entonces un examen de todos los tomos del protocolo del Notario, encontrando que éste no había adherido sellos de rentas internas por la suma de **$3,945.50** y sellos notariales por la suma de $10.00.

Así las cosas, el inspector reexaminó el protocolo del Notario el 27 de mayo de 1998, encontrándolo en iguales condiciones que en la inspección del mes anterior. El inspector volvió a realizar un examen el 19 de agosto de 1998, del cual surge que el Notario había adherido 291 sellos de asistencia legal por un valor total de **$582.00.**

Es decir, para esa fecha solo había subsanado una ínfima parte de las deficiencias señaladas, por lo cual debía al Registro de Testimonios un total de **$1,972.00** y al protocolo **$3,955.50** entre sellos de rentas internas y sellos notariales.

Luego de ésto, al Notario se le notificó otra visita señalada para el 17 de noviembre de 1998. Este solicitó una prórroga debido a que por el paso del Huracán Georges no había podido adherir los sellos que le faltaban a su obra notarial. Esta solicitud fue denegada y el inspector lo visitó nuevamente en la fecha notificada. En esta ocasión tampoco encontró cambios en la obra notarial.

Como consecuencia de la inacción del Notario ODIN nos rindió el antedicho informe solicitándonos que se le ordenase cumplir con su deber de cancelar y adherir los sellos de asistencia legal, de rentas internas y notariales en su obra notarial, y que impusiésemos las sanciones disciplinarias procedentes.

A estos efectos, emitimos Resolución de 26 de febrero de 1999, ordenando al Notario que dentro del término de quince (15) días subsanara las deficiencias en sellos que adeudaba a su obra notarial y para que mostrara causa por la cual no debíamos suspenderle indefinidamente del ejercicio de la abogacía.

En cumplimiento con nuestra orden, el Notario compareció mediante "Moción Explicativa" de 27 de marzo de 1999, informándonos que a esa fecha

no había culminado de subsanar las deficiencias señaladas, pero que esperaba "que en un breve plazo esté completamente subsanada".

En cuanto a la mostración de causa el Notario nos indica que en los veintisiete (27) años que lleva ejerciendo la profesión, nunca se ha presentado una queja en su contra. Además intima que su situación económica va a mejorar pronto. También hace hincapié en que la notaría se considera separada del ejercicio de la abogacía, ésto para persuadirnos de que no debemos separarlo del ejercicio de la abogacía, sino de la práctica de la notaría únicamente. Solicita que de imponérsele alguna sanción disciplinaria, que la misma conste de una amonestación, ya que está dispuesto a cumplir con el ordenamiento notarial.

## II.

Una vez más reafirmamos la trascendencia de la función del notario en la esfera privada y profesional hasta remontarse a una función pública que requiere suma diligencia y celo profesional de quien la ejerce en Puerto Rico.[1]

El notario puertorriqueño está vinculado a un estricto cumplimiento con la Ley Notarial[2] y con los Cánones de Etica Profesional.[3] El incumplimiento con una de estas fuentes de obligaciones y deberes del notario, implica ineludiblemente la acción disciplinaria correspondiente no sólo en la función de éste como notario, sino también como abogado. Esto así ya que en el notario, por su condición de abogado, se funden dos facetas esenciales en la administración de la justicia.[4] La primera, la que surge como profesional del derecho, para la cual está versado en la técnica jurídica y capacitado para dar consejos y servir de guía a todo interesado, no sólo en este rol sino en el de notario. La segunda faceta, la de notario, lo convierte en un funcionario público investido de autoridad y con capacidad autenticadora y legalizadora en el plano de las

---

[1] *In re: Colón Muñoz*, 131 D.P.R. 121 (1992); *In re: Cruz Ramos*, 127 D.P.R. 1005 (1991).
[2] Ley Núm. 75 de 2 de julio de 1987, 4 L.P.R.A. §§2001-2141 (1994).
[3] 4 L.P.R.A. Ap. IV (1994).
[4] *In re: Colón Muñoz, supra*, nota 1, citando a *In re: Feliciano*, 115 D.P.R. 172 (1984).

relaciones privadas, imponiendo a los actos que ve y oye *–visus et audit–* una eficacia autenticadora cubierta con una presunción de veracidad, producto neto que parte del supuesto de un **leal acatamiento de los requisitos y formalidades de ejercer con fidelidad su encomienda.**[5]

Una vez el notario se aparta de cumplir con estos requisitos y formalidades, incurre en conducta que acarrea una sanción disciplinaria, ya que lesiona la confianza y la función pública en él investida.

Teniendo en cuenta la función pública del notario, éste siempre tiene que tener presente que los protocolos pertenecen al Estado, siendo el notario un mero custodio de éstos por delegación de aquel.[6] Por lo tanto, los deberes impuestos en el ordenamiento notarial en cuanto a la forma de llevar y mantener el protocolo, tienen que ser acatados y respetados con máxima rigurosidad.

De esta forma, la Ley Notarial dispone que el notario tiene el deber de adherir y cancelar en su protocolo los sellos de rentas internas y un sello notarial en cada instrumento original que otorgue y en las copias certificadas.[7] Así también se impone el deber a todo notario de adherir el sello de asistencia legal por cada afidávit, testimonio o declaración jurada que éste autorice.[8]

Reiteradamente hemos establecido que el dejar de adherir los sellos de rentas internas y cancelar los mismos al momento de autorizar los documentos públicos otorgados es una falta grave por parte del notario.[9] Además, al no adherir los mismos se defrauda al erario público.[10]

Más importante aún, está el hecho de que conforme con nuestra doctrina, el pago de todo derecho de arancel o de otra índole que conforme a la ley devengue el instrumento público, será sufragado por los

---

[5] *Id.*
[6] Art. 48, Ley Notarial, 4 L.P.R.A. §2072; *In re: Ríos Acosta*, 128 D.P.R. 412 (1994); *In re: Barges Chapel*, 104 D.P.R. 638 (1976).
[7] 4 L.P.R.A. §2021 (1994).
[8] 4 L.P.R.A. §896 (1994).
[9] *In re: Villanueva Laguer*, 97 J.T.S. 28; *In re: Colón Muñoz, supra*, nota 1; *In re: Figueroa Abreu*, 124 D.P.R. 810 (1989).
[10] *In re: Casiano Silva*, 98 J.T.S. 50; *In re: Platón*, 113 D.P.R. 273 (1982).

interesados en el otorgamiento del documento.[11]  Lo que implica, que si el notario cobra los honorarios arancelarios y luego no adhiere los sellos de rentas internas, de asistencia legal o notariales que la ley le impone, estará sujeto a sanciones y acciones disciplinarias sin menoscabo de su responsabilidad legal.[12]  También podría resultar en la configuración del delito de apropiación ilegal.[13]

Esta práctica de no adherir y cancelar los debidos sellos, no sólo representa una violación a la ley notarial,

---

[11] *In re:  Colón Muñoz, supra*, nota 1.
[12] *In re:  Feliciano, supra*, nota 4.
[13] *In re:  Casiano Silva, supra*, nota 10; *In re:  Merino Quiñones*, 115 D.P.R. 812 (1984).

sino que, en el caso de escrituras o sus copias certificadas, las expone a la anulabilidad e ineficacia jurídica de estos documentos en perjuicio de los otorgantes o de terceros.[14] Por tanto, el incumplimiento del notario con este deber puede tener efectos funestos para la sociedad en que el notario convive y trabaja.[15] Hasta tanto dichos sellos sean adheridos y cancelados, la validez de dichas escrituras, o de las copias certificadas está en entredicho, pues las mismas son anulables.[16]

## III.

De un análisis del presente caso se desprende que a pesar de las órdenes de este Tribunal y de ODIN, el Notario parece no entender la importancia del "deber que tiene todo notario de adherir los sellos de rentas internas, notariales y de asistencia legal al momento de llevar a cabo el acto notarial correspondiente, y de las serias consecuencias que el incumplimiento con dicho deber podría acarrear..."[17]

Además, tampoco parece comprender la gravedad de desatender los requerimientos de ODIN y de este Tribunal. Una vez el inspector de protocolos detecta incumplimientos con estas disposiciones legales, es deber del notario corregir las mismas con suma diligencia. La ausencia de

---

[14] *In re: Colón Muñoz*, *supra*, nota 1.
[15] *Id*; *In re: Ralat Pérez*, 124 D.P.R. 745 (1989).
[16] *Id.*
[17] *In re: Casiano Silva*, *supra*, nota 10.

corrección combinada con la gravedad de tales deficiencias permiten a este Tribunal hacer valer nuestra facultad disciplinaria sobre los notarios y nuestra revisión sobre su función pública.[18]

El Notario en el presente caso no ha cumplido diligentemente con su deber de corregir las deficiencias señaladas por la ODIN. Peor aún, el Notario desobedeció la orden de este Tribunal a los efectos de que tenía que adherir los sellos que faltaban en un término de quince (15) días, luego de notificada nuestra resolución de 26 de febrero de 1999.

Estas actuaciones del Notario, por sí solas, acarrean la separación inmediata del ejercicio de la abogacía. Así, hemos sido enérgicos al señalar que "los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal..."[19], y que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal.[20]

En el caso ante nos el Notario ha incurrido en conducta reprobable al no adherir sellos de rentas internas, de asistencia legal y notariales por un período de ocho años en su obra notarial. Sellos que suman la cantidad de $6,509.50 de los cuales repuso únicamente $582.00, y alguna otra cantidad indeterminada que no surge de su "Moción Explicativa". El Notario no presenta justificación alguna que nos persuada por su craso incumplimiento, tanto con su deber notarial de adherir los sellos que exige la ley, como con su deber como abogado de evitar prácticas censurables como la de no obedecer las órdenes de ODIN y de este Tribunal.

En vista de las graves faltas cometidas por el Lcdo. Juan Capestany Rodríguez, y dado el carácter repetitivo y cúmulo de estas serias omisiones, se decreta su separación indefinida del ejercicio de la abogacía hasta que este Tribunal otra cosa disponga.

Se ordena al Alguacil General de este Tribunal que proceda a incautarse de la obra notarial, incluso sello notarial del Lcdo. Capestany Rodríguez, para ser remitida, examinada y oportunamente objeto de un

---

[18] *In re: Colón Muñoz, supra,* nota 1.
[19] *In re: Guemárez Santiago,* 98 J.T.S. 102.

Informe por parte de la Oficina de Inspección de Notarías. Se ordena además que la presente Opinión *Per Curiam* y Sentencia le sea notificada personalmente a éste por la Oficina del Alguacil General de este Tribunal.

Se dictará sentencia de conformidad.

---

[20] *In re:  Nicot Santana*, 92 J.T.S. 4.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Capestany Rodríguez          TS-4065

SENTENCIA

San Juan, Puerto Rico, a 30 de junio de 1999.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión indefinida de la profesión de abogado de Juan Capestany Rodríguez, hasta que este Tribunal otra cosa disponga.

Se ordena al Alguacil General de este Tribunal que proceda a incautarse de la obra notarial, incluso sello notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para el trámite correspondiente.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino. El Juez Asociado señor Negrón García inhibido.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo