*In re* JOSÉ R. QUIRÓS ORTIZ.

Número: TS-10,214          Resuelto: 26 de marzo de 2001

*Carmen H. Carlos*, Directora de la Oficina de Inspección de Notarías; *José R. Quirós Ortiz, pro se.*

PER CURIAM: Conforme surge del Informe de 4 de diciembre de 2000 de la Lcda. Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías, el abogado notario José R. Quirós Ortiz, durante el proceso de inspección de su obra notarial —el cual no ha terminado— incurrió en "reiterada desatención" de los mensajes, citaciones y requerimientos que le hiciera la referida oficina, actitud que ha

impedido que su obra notarial haya podido ser inspeccionada en su totalidad.

Igualmente surge del referido informe que, de la obra notarial que ha podido ser examinada, éste ha dejado de cancelar, por concepto de aranceles, la suma de cuarenta y tres mil cuatrocientos setenta y cuatro dólares con setenta y cinco centavos ($43,474.75). Surgen, además, las siguientes deficiencias:

1. Omisión de estampar el sello notarial: tomos completos sujetos a tal deficiencia.

2. Omisión de estampar la rúbrica: innumerables escrituras.

3. Omisión de notas de saca y de la firma de éstas por el Notario.

4. Falta de endoso de pagarés.

5. Omisión de la firma del Notario: en cerca de 40 escrituras tan solo en el protocolo de 1994.

6. Pagarés adheridos que no coinciden con los cancelados en las escrituras correspondientes.

7. Omisión de la dación de fe del conocimiento de deudores hipotecarios.

8. Omisión de la firma y las iniciales de otorgantes o comparecientes: tomos completos en los que faltan las iniciales y la firma de los representantes de instituciones bancarias.

9. Hasta un caso de ausencia del último folio de una escritura con las firmas de los otorgantes. Informe de 4 de diciembre de 2000, pág. 3.

Mediante Resolución de 9 de febrero de 2001, le concedimos el término de veinte (20) días al abogado notario Quirós Ortiz "para cumplir con los requerimientos específicos hechos por la Directora de la Oficina de Inspección de Notarías en su Informe de fecha 4 de diciembre de 2000, *bajo apercibimiento de suspensión a la abogacía sin más citarle ni oirle*". (Énfasis suplido.) Íd. Le ordenamos, además, que mostrara causa dentro de dicho término, "por la cual no debamos suspenderle indefinidamente del ejercicio de la abogacía y/o de la notaría debido a las serias deficiencias señaladas en dicho Informe". Íd.

El abogado notario Quirós Ortiz *no* ha comparecido, no obstante el período de tiempo transcurrido.([1]) Resolvemos.

## I

■ Sabido es que, conforme a las disposiciones pertinentes de la Ley Notarial de Puerto Rico, es deber de todo notario adherir y cancelar en cada escritura original que otorgare, y en las copias que de ellas se expidieren, los correspondientes sellos de rentas internas.

> El notario podrá rehusar autorizar el instrumento a menos que se hubiese provisto para el pago de los derechos arancelarios a su satisfacción....
> Si el notario autoriza el instrumento público, como el caso ante nos, es porque los interesados han provisto para el pago de los derechos arancelarios a su satisfacción. *Bajo dichas circunstancias es, entonces, responsabilidad ineludible e inexcusable del notario adherir y cancelar los sellos correspondientes.* (Énfasis en el original suprimido, énfasis suplido y citas omitidas.) *In re Colón Muñoz*, 131 D.P.R. 121, 154–155 (1992).

■ El notario que no adhiera y cancele las correspondientes estampillas exigidas por ley, al momento de autorizar o certificar un instrumento público, está sujeto a sanciones y acciones disciplinarias, sin menoscabo de su responsabilidad legal. *In re Feliciano*, 115 D.P.R. 172 (1984).

■ En *In re Merino Quiñones*, 115 D.P.R. 812, 813–814 (1984), expresamos que:

> La práctica de algunos abogados-notarios de no cancelar los correspondientes sellos de rentas internas *inmediatamente* que otorgan una escritura *no sólo constituye una violación a la Ley Notarial de Puerto Rico, sino que podría inclusive resultar en la configuración de un delito de apropiación ilegal,* por cuanto el importe de dichos sellos es por lo general cobrado por el notario a su cliente al momento de la otorgación del instrumento con el

---

([1]) La mencionada resolución fue notificada a Quirós Ortiz mediante correo certificado con acuse de recibo.

propósito expreso y específico de la compra y cancelación de los referidos sellos. Cuando menos, *constituye una práctica altamente censurable que no debe ser continuada, que no estamos dispuestos a tolerar, y que puede constituir, por sí sola, causa suficiente para la separación de un abogado del ejercicio de la notaría en Puerto Rico.* (Énfasis suplido y escolios omitidos.)

En *In re Feliciano*, supra, ratificamos que esta conducta o incumplimiento exponía al notario a graves sanciones correctivas, *incluso la separación del ejercicio de la profesión de abogado*, ya que su responsabilidad por omitir cancelar los sellos es una de *naturaleza continua*. Véanse, además: *In re Cruz Ramos*, 127 D.P.R. 1005 (1991); *In re Jiménez del Valle*, 119 D.P.R. 41 (1987); *In re Tirado Saltares*, 118 D.P.R. 576 (1987); *In re Aponte Arché*, 117 D.P.R. 837 (1986).

## II

Por otro lado, reiteradamente hemos resuelto que, independientemente de los méritos de la queja que se presente contra un abogado, *éste viene en la obligación de obedecer, y responder prontamente, a los requerimientos de este Tribunal.* Véanse: *In re Guzmán Bruno*, 150 D.P.R. 116 (2000); *In re Ríos Acosta I*, 143 D.P.R. 128 (1997).

## III

Como hemos visto, el abogado notario Quirós Ortiz ha incurrido en fallas graves, en el desempeño de su función notarial, las cuales, *por sí solas*, son suficientes para que se decrete su suspensión del ejercicio de la abogacía y de la notaría. Como si ello fuera poco, ha hecho caso omiso de los requerimientos de este Tribunal y de aquellos que le han sido hechos por la Oficina de Inspección de Notarías. Resulta obvio que éste *no* interesa continuar siendo abogado en nuestra jurisdicción.

Por los fundamentos antes expresados, *se decreta la sus-*

*pensión indefinida e inmediata de José R. Quirós Ortiz tanto del ejercicio de la notaría como de la abogacía en nuestra jurisdicción.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García y la Juez Asociada Señora Naveira de Rodón no intervinieron.