*In re* CARMELO CAMPOS CRUZ.

*Número:* TS-11041          *Resuelto:* 30 de mayo de 2002

*Carmen H. Carlos, directora de la Oficina de Inspección de Notarías*, en informe.

PER CURIAM: Carmelo Campos Cruz fue admitido por este Tribunal al ejercicio de la profesión de abogado el 17 de enero de 1995, esto es, hace poco más de siete años. El licenciado Campos Cruz fue admitido al ejercicio del notariado el 29 de febrero de 1996.

La Directora de la Oficina de Inspección de Notarías, la Lcda. Carmen H. Carlos, nos rindió un informe el 2 de noviembre de 2001 sobre el estado de la notaría del abogado-notario Carmelo Campos Cruz. Nos informó que una inspección, rutinaria y regular, de la obra notarial del re-

ferido abogado había demostrado que esta última contenía graves y serias deficiencias, consistentes dichas deficiencias: en una deuda en Sellos de Rentas Internas que alcanzó un gran total de trece mil quinientos noventa y siete dólares ($13,597); otras relacionadas con la fe del conocimiento, y la falta de la firma del notario en varios de los documentos otorgados por éste.

Nos informó, además, la licenciada Carlos que varias gestiones realizadas por un inspector de protocolos, tendentes a que el referido notario corrigiera dichas graves deficiencias, habían resultado infructuosas y que, a la fecha de su informe, "las deficiencias permanecen sin subsanar".

Mediante Resolución de 30 de noviembre de 2001 le concedimos el término de treinta (30) días al licenciado Campos Cruz para proceder a la subsanación de las deficiencias indicadas, en específico, cancelar la deuda en aranceles. El notario fue notificado personalmente con copia de esta resolución por un alguacil auxiliar de este Tribunal; hizo caso omiso a dicha orden.

Mediante escrito de 16 de mayo de 2002, intitulado "moción informativa", la licenciada Carlos nos informó que, a pesar del tiempo transcurrido, el notario *no* se había comunicado con su oficina con el propósito de llevar a cabo la subsanación o corrección de las graves faltas señaladas. En vista a todo lo antes expuesto, *resolvemos.*

## I

*No* hay duda alguna de que procede decretar la suspensión inmediata e indefinida del ejercicio de la abogacía, y la notaría, de Carmelo Campos Cruz.

*En primer lugar*, hemos expresado que la práctica de algunos abogados-notarios de no cancelar los sellos de rentas internas, *inmediatamente que otorgan una escritura,* no sólo constituye una violación a la Ley Notarial de

Puerto Rico, *sino que podría inclusive resultar en la configuración de un delito de apropiación ilegal*, práctica que es *altamente censurable que no estamos dispuestos a tolerar.* Véanse: *In re Merino Quiñones*, 115 D.P.R. 812 (1984); *In re Quirós Ortiz*, 153 D.P.R. 637 (2001).

■ *En segundo término*, sabido es que todo abogado tiene el deber ineludible de responder diligentemente a nuestros requerimientos, *In re Ríos Acosta*, 139 D.P.R. 117 (1995), así como también tiene la obligación de prestar escrupulosa atención y obediencia a las órdenes que emite el Tribunal, particularmente cuando se trata de su conducta profesional. *In re Manzano Velázquez*, 144 D.P.R. 84 (1997).

En este respecto, los miembros de la profesión deben mantener presente que el incumplimiento por parte de un abogado con nuestras órdenes, en relación con el trámite de una queja, *constituye una falta ética separada e independiente de los méritos de la queja que contra él se presente.* Véase *In re Vargas Soto*, 146 D.P.R. 55 (1998).

Habiendo hecho caso omiso el abogado Carmelo Campos Cruz no sólo de los requerimientos que le hiciera la Oficina de Inspección de Notarías, sino que de la resolución que, al respecto, emitiera este Tribunal, *procede decretar la separación inmediata e indefinida de éste del ejercicio de la abogacía, y de la notaría, en nuestra jurisdicción. Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General. La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y del sello notarial del abogado Campos Cruz, luego de lo cual los entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.*

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Fuster Berlingeri no intervinieron.