EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>     Carmelo Campos Cruz | 2002 TSPR 121<br><br>157 DPR \_\_\_\_ |

Número del Caso: TS- 11041


Fecha: 30 de mayo de 2002


Oficina de Inspección de Notarías:
                    Lcda. Carmen H. Carlos
                    Directora

Abogado de la Parte Querellada:
                    Por Derecho Propio



Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 5 de septiembre de
        2002 fecha en que se le notificó al abogado el Per Curiam y
        Sentencia.)

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correcciones del proceso
        de compilación y publicación oficial de las decisiones del
        Tribunal. Su distribución electrónica se hace como un servicio
        público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

**Carmelo Campos Cruz**                    TS-11041


PER CURIAM

San Juan, Puerto Rico, a 30 de mayo de 2002


Carmelo Campos Cruz fue admitido por este Tribunal al ejercicio de la profesión de abogado el día 17 de enero de 1995, esto es, hace poco más de siete (7) años. El Lcdo. Campos Cruz fue admitido al ejercicio del notariado el 29 de febrero de 1996.

La Directora de La Oficina de Inspección de Notarías, la Lcda. Carmen H. Carlos, nos rindió un informe el 2 de noviembre de 2001 sobre el Estado de la Notaría del abogado-notario Carmelo Campos Cruz. En el mismo, nos informó que una inspección, rutinaria y regular, de la obra notarial del referido abogado había demostrado que la misma contenía graves y serias deficiencias consistentes

dichas deficiencias: en una deuda en sellos de rentas internas que alcanzó un gran total de $13,597.00; otras relacionadas con la fe del conocimiento; y la falta de la firma del notario en varios de los documentos otorgados por éste.

Nos informó, además, la Lcda. Carlos que varias gestiones realizadas por un inspector de protocolos, tendentes las mismas a que el referido notario corrigiera dichas graves deficiencias, habían resultado infructuosas y que, a la fecha de su informe, "...las deficiencias permanecen sin subsanar...".

Mediante Resolución, de fecha 30 de noviembre de 2001 le concedimos el término de treinta (30) días al Lcdo. Campos Cruz para proceder a la subsanación de las deficiencias indicadas, en específico, cancelar la deuda en aranceles. El notario fue notificado personalmente con copia de esta Resolución por un Alguacil Auxiliar de este Tribunal; hizo caso omiso a dicha orden.

Mediante escrito, de fecha 16 de mayo de 2002 e intitulado "moción informativa", la Lcda. Carlos nos informó que, a pesar del tiempo transcurrido, el notario no se había comunicado con su Oficina con el propósito de llevar a cabo la subsanación o corrección de las graves faltas señaladas. En vista a todo lo antes expuesto, resolvemos.

## I

No hay duda alguna de que procede decretar la suspensión inmediata e indefinida del ejercicio de la abogacía, y la notaría, de Carmelo Campos Cruz.

En primer lugar, hemos expresado que la práctica de algunos abogados-notarios de no cancelar los sellos de rentas internas, inmediatamente que otorgan una escritura, no sólo constituye una violación a la Ley Notarial de Puerto Rico, sino que podría inclusive resultar en la configuración de un delito de apropiación ilegal, práctica que es una altamente censurable que no estamos dispuestos a tolerar. Véase: In re: Merino Quiñónez, 115 D.P.R. 812 (1984); In re: Quirós Ortiz, res. el 26 de marzo de 2001, 2001 T.S.P.R. 48.

En segundo término, sabido es que todo abogado tiene el deber ineludible de responder diligentemente a nuestros requerimientos, In re: Ríos Acosta, 139 D.P.R. 117 (1995), así como también tiene la obligación de prestar escrupulosa atención y obediencia a las órdenes que emite el Tribunal, particularmente cuando se trata de su conducta profesional. In re: Manzano Velásquez, 144 D.P.R. 84 (1997).

En este respecto, los miembros de la profesión deben mantener presente que el incumplimiento por parte de un abogado con nuestras órdenes, en relación con el trámite de una queja, constituye una falta ética separada e independiente de los méritos de la queja que contra él se presente. Véase: In re: Vargas Soto, 146 D.P.R. 55 (1998).

Habiendo hecho caso omiso el abogado Carmelo Campos Cruz no sólo de los requerimientos que le hiciera la Oficina de Inspección de Notarías sino que de la Resolución que, al respecto, emitiera este Tribunal, procede decretar la separación inmediata e indefinida de éste del ejercicio de la abogacía, y de la notaría, en nuestra jurisdicción.

Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, <u>de inmediato</u>, a incautarse de la obra y sello notarial del abogado Campos Cruz, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

———

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carmelo Campos Cruz                    TS-11041

SENTENCIA

San Juan, Puerto Rico, a 30 de mayo de 2002

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la separación, inmediata e indefinida, del ejercicio de la abogacía y de la notaría en Puerto Rico de Carmelo Campos Cruz, a partir de la notificación de la presente Opinión y hasta tanto otra cosa disponga este Tribunal. Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial de Carmelo Campos Cruz, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón y el Juez Asociado señor Fuster Berlingeri no intervinieron.


**Patricia Otón Olivieri**
**Secretaria del Tribunal Supremo**