*In re* ALFREDO TORRES HERNÁNDEZ.

*Número:* TS-6786          *Resuelto:* 25 de noviembre de 2003

*Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías, en informe; *Ramón Vega González*, abogado del querellado.

PER CURIAM: El 3 de julio de 2003 la Directora de la Oficina de Inspección de Notarías (en adelante ODIN) presentó un informe sobre el estado de la obra notarial del Lcdo. Alfredo Torres Hernández. En éste nos informó que la última inspección que se realizó a la obra notarial del notario Torres Hernández fue el 23 de febrero de 2000. Como resultado de esa inspección, se aceptó el Protocolo de

1998, que consistía de doscientos sesenta y cinco instrumentos públicos. Desde entonces hasta el 6 de junio de 2003, éste ha informado la autorización de veintiún mil ciento ochenta y una declaraciones juradas, ninguna de las cuales ha sido anotada en su Registro de Testimonios, y por las cuales no ha cancelado el sello correspondiente de $3 de la Sociedad para Asistencia Legal. La cantidad adeudada en sellos hasta ese momento era de $63,543. El abogado-notario Torres Hernández tampoco ha encuadernado los Protocolos para los años 1999, 2000, 2001 y 2002, razón por la cual éstos no se han podido inspeccionar. Estos Protocolos equivalen a mil cuatrocientas noventa y seis escrituras sobre las cuales el licenciado Torres Hernández no ha cancelado $1,496 en sellos de impuesto notarial, a razón de $1 por cada escritura.[1]

Para excusar estas deficiencias, el licenciado Torres Hernández adujo que estuvo un año sin los servicios de una secretaria y que había tenido problemas personales de carácter familiar.

Tomando en consideración el informe sobre el estado de la notaría del licenciado Torres Hernández, el 12 de septiembre de 2003 emitimos una resolución —que se notificó el 15 de septiembre— mediante la cual le concedimos un término para que mostrara causa por la cual no debía ser separado indefinidamente de la abogacía y de la notaría. Además, le ordenamos *"cancelar inmediatamente los sellos de la Sociedad para Asistencia Legal correspondiente a las 21,181 declaraciones juradas"* que sumaban la cantidad de $63,542 y que entrara esas declaraciones en su Registro de Testimonios. Finalmente, le ordenamos poner a la disposición de la ODIN la obra notarial que esa oficina no había podido inspeccionar.

El 15 de octubre de 2003 el licenciado Torres Hernández compareció representado por el Lcdo. Ramón Vega Gonzá-

---

[1] Como los Protocolos no se han encuadernado, las escrituras no se han podido inspeccionar, por lo que la Oficina de Inspección de Notarías no ha podido determinar si hay otras deficiencias.

lez y nos informó: (1) que estaba realizando las gestiones para cumplir con lo ordenado; (2) que de las veintiún mil ciento ochenta y una declaraciones juradas sólo faltaban siete mil novecientas noventa y dos por inscribir en su Registro de Testimonios, y (3) que ya se encuadernaron los Protocolos de 1999 y 2000. Nada mencionó el notario sobre los $63,542 adeudados en sellos de la Sociedad para Asistencia Legal y los $1,496 en sellos de impuesto notarial; ni siquiera ofreció una razón para su grave incumplimiento con este importante deber. Finalmente, nos solicitó que le concediéramos un término de ciento veinte días para cumplir con lo ordenado.

■ El Art. 10 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2021 (en adelante Ley Notarial), dispone que el notario tiene el deber de adherir los correspondientes sellos arancelarios *en el momento en que autoriza un documento público.* Reiteradamente hemos expresado que no cancelar los sellos de rentas internas inmediatamente, además de ser una grave violación a la Ley Notarial, *"podría inclusive resultar en la configuración de un delito de apropiación ilegal,* práctica que es una *altamente censurable que no estamos dispuestos a tolerar".* (Énfasis en el original.) *In re Campos Cruz,* 157 D.P.R. 132 (2002). Véase, además: *In re Quirós Ortiz,* 153 D.P.R. 637 (2001); *In re Aponte Parés,* 132 D.P.R. 448, 450–451 (1993); *In re Colón Muñoz,* 131 D.P.R. 121, 153–156 (1992); *In re Ralat Pérez,* 124 D.P.R. 745, 747–748 (1989). Es menester señalar que no aceptaremos como excusa para incumplir con este deber, tener o haber tenido problemas personales.

■ De otra parte, y con relación a la obligación del notario de encuadernar los Protocolos, el Art. 52 de la Ley Notarial, 4 L.P.R.A. sec. 2076, dispone que

[e]n el tercer mes de cada año, deberán quedar encuadernados los Protocolos del año anterior con su correspondiente índice de contenido para cada tomo. Dichos índices se harán por orden de instrumentos y deberán incluir el nombre completo de los comparecientes, el nombre de la persona representada, de

ser éste el caso, la fecha y lugar del otorgamiento, el negocio jurídico realizado y los números de los folios que incluye el mismo.

Como correctamente señala la ODIN en su informe:

La no encuadernación en tiempo del protocolo, además de poner en riesgo la integridad y conservación de los instrumentos públicos autorizados, entorpece y retrasa la inspección notarial y con ello la garantía para el ciudadano y el estado de que dichos instrumentos satisfacen los requisitos de ley aplicables y el notario no ha cumplido con su deber de cancelar los aranceles correspondientes.

Con relación a la obligación del notario de llevar un Registro de Testimonios, el Art. 59 de la Ley Notarial, 4 L.P.R.A. sec. 2094, establece que

[l]os notarios llevarán un Registro de Testimonios en notas concisas fechadas, numeradas, selladas y suscritas por ellos haciendo constar el nombre de los otorgantes y una relación sucinta del acto autenticado.
El Registro de Testimonios se llevará en libros debidamente encuadernados, con sus páginas numeradas sucesivamente, de no más de quinientas (500) hojas. Véase, también, Reglas 11 y 72 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV.

El Art. 60 de la Ley Notarial, 4 L.P.R.A. sec. 2095, establece taxativamente que "[s]erá nulo el testimonio no incluido en el índice, que no lleve la firma del notario autorizante *o que no se haya inscrito en el Registro de Testimonios*". (Énfasis suplido.)

Por todo lo antes expuesto, *se separa indefinidamente al Lcdo. Alfredo Torres Hernández de la práctica de la abogacía y la notaría. Además, se le ordena que dentro del término de treinta días, contados a partir de la notificación de esta opinión "per curiam", corrija a través de otro notario, y a sus expensas, las deficiencias señaladas. Dentro de ese mismo término deberá también informar a este Tribunal y a la ODIN del cumplimiento con lo anterior.*

*Se le impone, además, el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por tra-*

*bajos no realizados e informar oportunamente de su sus-
pensión a los foros judiciales y administrativos. Dentro del
término de treinta días deberá informar a este Tribunal el
cumplimiento con lo antes ordenado. La Oficina del Algua-
cil de este Tribunal se incautará de la obra y del sello no-
tarial, y se los entregará a la ODIN para el correspondiente
examen e informe a este Tribunal. Por último, se acepta la
representación legal del Lcdo. Ramón Vega González.*

*Se dictará sentencia de conformidad.*