EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Alfredo Torres Hernández | 2003 TSPR 179 160 DPR \_\_\_\_ |

Número del Caso: TS-6786

Fecha: 25 de noviembre de 2003

Oficina de Inspección de Notarías:

        Lcda. Carmen H. Carlos
        Directora

Abogado de la parte querellada:

        Lcdo. Ramón Vega González

Materia: Conducta Profesional
      (La suspensión del abogado advino final y firme el día 16 de diciembre de 2003.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Alfredo Torres Hernández

TS-6786

PER CURIAM

San Juan, Puerto Rico a 25 de noviembre de 2003

Con fecha 3 de julio de 2003 la Directora de la Oficina de Inspección de Notarías (en adelante ODIN) presentó un Informe sobre el estado de la obra notarial del Lcdo. Alfredo Torres Hernández. En el mismo nos informó que la última inspección realizada a la obra notarial del notario Torres Hernández fue el 23 de febrero de 2000, aprobándose como resultado de esa inspección el protocolo de 1998 que consistía de 265 instrumentos públicos. Desde entonces hasta el 6 de junio de 2003 éste ha informado haber autorizado 21,181 declaraciones juradas, ninguna de las cuales ha sido anotada en su Registro de

Testimonios y sobre las cuales no ha cancelado el sello correspondiente de $3.00 de la Sociedad para Asistencia Legal. La cantidad adeudada en sellos hasta ese momento era de $63,543. El abogado notario Torres Hernández tampoco ha encuadernado los protocolos para los años de 1999, 2000, 2001 y 2002, razón por la cual éstos no se han podido inspeccionar. Estos protocolos equivalen a 1,496 escrituras sobre las cuales el licenciado Torres Hernández no ha cancelado $1,496 en sellos de impuesto notarial, a razón de $1.00 por cada escritura.[1]

Para excusar estas deficiencias el licenciado Torres Hernández adujo que estuvo un año sin los servicios de una secretaria y que había tenido problemas personales de carácter familiar.

Tomando en consideración el Informe sobre el estado de la notaría del licenciado Torres Hernández, el 12 de septiembre de 2003 emitimos una Resolución notificada el 15 de septiembre, mediante la cual le concedimos término para que mostrara causa por la cual no debía ser separado indefinidamente de la abogacía y de la notaría. Además, le ordenamos **"cancelar inmediatamente los sellos de la Sociedad para Asistencia Legal correspondiente a las 21,181 declaraciones juradas"** que sumaban la cantidad de $63,542 y que entrara dichas declaraciones en su Registro de Testimonios. Finalmente le ordenamos poner a la disposición de la ODIN la obra notarial que dicha Oficina no había podido inspeccionar.

---

[1] **Como los protocolos no se han encuadernado, las escrituras no se han podido inspeccionar por lo que la ODIN no ha podido determinar si hay otras deficiencias.**

El 15 de octubre de 2003 el licenciado Torres Hernández compareció representado por el licenciado Ramón Vega González y nos informó: (1) que está realizando las gestiones para cumplir con lo ordenado; (2) que de las 21,181 declaraciones juradas sólo faltan por inscribir en su Registro de Testimonios 7,992; y (3) que ya se encuadernaron los protocolos de los años 1999 y 2000. Nada menciona el notario sobre los $63,542 adeudados en sellos de la Sociedad para Asistencia Legal y $1,496 en sellos de impuesto notarial, ni siquiera ofrece una razón para su grave incumplimiento con este importante deber.  Finalmente nos solicita le concedamos un término de ciento veinte (120) días para cumplir con lo ordenado.

El Art. 10 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2021 (en adelante Ley Notarial), dispone que el notario tiene el deber de adherir los correspondientes sellos arancelarios **al momento en que autoriza un documento público**.  Reiteradamente hemos expresado que el no cancelar los sellos de rentas internas inmediatamente, además de ser una grave violación a la Ley Notarial de Puerto Rico, "podría inclusive resultar en la configuración de un delito de apropiación ilegal, práctica que es una altamente censurable que no estamos dispuestos a tolerar".  In re: Campos Cruz, P.C. 30 de mayo de 2002, 158 D.P.R. _____ (2002), 2002 T.S.P.R. 121, 2002 J.T.S. 163, pág. 164 (Énfasis en el original.); In re: Quirós Ortiz, P.C. 26 de marzo de 2001, 153 D.P.R. _____ (2001), 2001 T.S.P.R. 48, 2001 J.T.S. 47, pág. 1043. Véanse, además: In re: Aponte Parés, 132 D.P.R. 448, 450-451 (1993); In re: Colón Muñoz, 131 D.P.R. 121, 153-156 (1992); In re:

Ralat Pérez, 124 D.P.R. 745, 747-748 (1989). Es menester señalar que no aceptaremos como excusa para el incumplimiento con este deber el tener o haber tenido problemas personales.

De otra parte, y con relación a la obligación del notario de encuadernar los protocolos, el Art. 52 de la Ley Notarial, 4 L.P.R.A. sec. 2076, dispone que:

> [e]n el tercer mes de cada año, deberán quedar encuadernados los Protocolos del año anterior con su correspondiente índice de contenido para cada tomo. Dichos índices se harán por orden de instrumentos y deberán incluir el nombre completo de los comparecientes, el nombre de la persona representada, de ser éste el caso, la fecha y lugar del otorgamiento, el negocio jurídico realizado y los números de los folios que incluye el mismo.

Como correctamente señala la ODIN en su informe:

> La no encuadernación en tiempo del protocolo, además de poner en riesgo la integridad y conservación de los instrumentos públicos autorizados, entorpece y retrasa la inspección notarial y con ello la garantía para el ciudadano y el estado de que dichos instrumentos satisfacen los requisitos de ley aplicables y el notario no ha cumplido con su deber de cancelar los aranceles correspondientes.

Con relación a la obligación del notario de llevar un Registro de Testimonios, el Artículo 59 de la Ley Notarial, 4 L.P.R.A. sec. 2094, establece que:

> [l]os notarios llevarán un Registro de Testimonios en notas concisas fechadas, numeradas, selladas y suscritas por ellos haciendo constar el nombre de los otorgantes y una relación sucinta del acto autenticado. El Registro de Testimonios se llevará en libros debidamente encuadernados, con sus páginas numeradas sucesivamente, de no más de quinientas (500) hojas. Véase también **Reglas 11 y 72 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV.**

El Art. 60 de la Ley Notarial, 4 L.P.R.A. sec. 2095, establece taxativamente que "[s]erá nulo el testimonio, no incluido en el

índice, que no lleve la firma del notario autorizante **o que no se haya inscrito en el Registro de Testimonios**". **(Énfasis suplido.)**

Por todo lo antes expuesto se separa indefinidamente al Lcdo. Alfredo Torres Hernández de la práctica de la abogacía y la notaría.

Además, se le ordena que dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, corrija a través de otro notario, y a sus expensas, las deficiencias señaladas. Dentro de ese mismo término deberá también informar a este Tribunal y a la ODIN del cumplimiento con lo anterior.

Se le impone además el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos. Dentro del término de treinta (30) días deberá informar a este Tribunal el cumplimiento con lo antes ordenado.

La Oficina del Alguacil de este Tribunal se incautará de la obra y sello notarial y se los entregará a la ODIN para el correspondiente examen e informe a este Tribunal.

Por último, se acepta la representación legal del Lcdo. Ramón Vega González.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

   Alfredo Torres Hernández


                              TS-6786


                             SENTENCIA


          San Juan, Puerto Rico a 25 de noviembre de 2003


          Por los fundamentos expuestos en la Per
     Curiam que antecede, se separa
     indefinidamente al Lcdo. Alfredo Torres
     Hernández de la práctica de la abogacía y la
     notaría.

          Además, se le ordena que dentro del término de
     treinta (30) días, contados a partir de la
     notificación de esta Opinión Per Curiam, corrija a
     través de otro notario, y a sus expensas, las
     deficiencias señaladas. Dentro de ese mismo término
     deberá también informar a este Tribunal y a la ODIN
     del cumplimiento con lo anterior.

          Se le impone además el deber de notificar a todos
     sus clientes de su inhabilidad para continuar
     representándolos, devolverles cualesquiera honorarios
     recibidos por trabajos no realizados, e informar
     oportunamente de su suspensión a los foros judiciales
     y administrativos. Dentro del término de treinta (30)
     días deberá informar a este Tribunal el cumplimiento
     con lo antes ordenado.

La Oficina del Alguacil de este Tribunal se incautará de la obra y sello notarial y se los entregará a la ODIN para el correspondiente examen e informe a este Tribunal.

Por último, se acepta la representación legal del Lcdo. Ramón Vega González.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Presidente Interino señor Rebollo López no intervino.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo