EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Alfredo Berríos Pérez | 2007 TSPR 204 <br><br> 172 DPR _____ |

Número del Caso: TS-5852


Fecha: 23 de octubre de 2007


Abogado de la Parte Peticionaria:

        Por Derecho Propio

Oficina de Inspección de Notarías:

        Lcda. Marla D. Ríos Díaz
        Directora Interina


Materia: Conducta Profesional
        (La suspensión será efectiva una vez advenga final y firme la Sentencia, conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración 27 de noviembre de 2007)


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Alfredo Berríos Pérez                TS-5852

PER CURIAM

San Juan, Puerto Rico, a 23 de octubre de 2007.

El Lic. Alfredo Berríos Pérez fue admitido al ejercicio de la notaría el 26 de abril de 1978.

El 19 de marzo de 2007, la Oficina de Inspección Notarial rindió un informe sobre el estado de la notaría de Berríos Pérez, en el cual se destaca que sus protocolos correspondientes a los años 1996 y 1997 fueron aprobados con deficiencias, ello debido a que autorizó dos testamentos abiertos con errores que no pudieron subsanarse por el fallecimiento de los testadores.

Según el informe referido de la Oficina de Inspección Notarial, en la escritura número 32 del año 1966 sobre testamento abierto, el notario omitió

dar fe del conocimiento o identificación de la testadora; ésta compareció asistida de testigo pues no sabía leer ni escribir pero no consta la fe expresa de la lectura en voz alta por el notario y el testigo; y se fijó la huella de un solo dedo pulgar, sin explicación alguna por el notario.

En la escritura número 18 del año 1997 sobre testamento abierto el primer apellido de la legataria es erróneo. El notario pretendió corregir ese error mediante un acta notarial.

## II

El Código Civil de Puerto Rico regula todo lo concerniente a la autorización de testamentos en general y dispone, en cuanto a los testamentos abiertos, los requisitos, el modo de otorgarlos y las formalidades que deben observarse. Por su parte, la Ley Notarial aplica supletoriamente, complementando y asegurando el cumplimiento de tales disposiciones. Cintrón v. Cintrón, 70 D.P.R. 771 (1950); In re: Irlanda Pérez, Opinión Per Curiam del 30 de junio de 2004. En este sentido, el testamento abierto como instrumento público debe cumplir no sólo con las solemnidades contenidas en el Código Civil, sino también con los requisitos de forma que le impone la Ley Notarial y su Reglamento. In re: Nieves Ortiz, 144 D.P.R. 918 (1998).

Omisión del acto de lectura en alta voz

El artículo 645 del Código Civil de Puerto Rico requiere que el testamento abierto se lea en voz alta para que el testador manifieste su conformidad con lo redactado. Este requisito adquiere mayor importancia cuando el testador no sabe leer ni escribir. Sobre el particular, tanto el Artículo 21 de la Ley Notarial como la Regla 32 del Reglamento Notarial disponen que cuando un otorgante no sepa o no pueda leer se dará lectura dos veces en voz alta al instrumento, una por el notario y otra por el testigo que dicho otorgante designe, de lo cual debe dar fe el notario en dicho instrumento.

B. Fijación de una sola huella dactilar

El artículo 645 del Código Civil dispone que si el testador y los testigos están conformes con el testamento, procederán a firmar el mismo. Por su parte, el Artículo 25 de la Ley Notarial y la Regla 32(c) del Reglamento Notarial disponen que cuando cualesquiera de los otorgantes no sepa o no pueda firmar, el notario procurará que fijen las huellas digitales de sus dos dedos pulgares junto a la firma del testigo que a su ruego firme y al margen de los demás folios del instrumento. El Artículo 13 de la Ley requiere como elemento indispensable de validez del instrumento la firma de los otorgantes al final de la misma. Así también, el Artículo 16 establece que los otorgantes y los testigos firmarán la escritura y además

estamparán las letras de su nombre y apellido o apellidos al margen de cada una de las hojas del instrumento. <u>Sucn. Santos v. Registrador</u> (108 D.P.R. 831).

Por su parte, la Regla 34 en su inciso(c) provee que serán nulos aquellos instrumentos en que no aparezcan las firmas de los otorgantes y los testigos si los hubiere.

En la escritura núm. 32 del año 1996, la testadora fijó una sola huella sin que el notario explicara la razón para ello y luego expresó al final del instrumento que todos habían firmado la misma, contrario a la legislación notarial antes discutida.

C. <u>Omisión de la fe del conocimiento o identificación de la testadora</u>

El Artículo 634 del Código Civil, 31 L.P.R.A., Sec. 2150, dispone que el notario y dos de los testigos deberán conocer al testador y si no lo conocieren, se identificará su persona con dos testigos que le conozcan y sean conocidos del notario y de los testigos instrumentales. Por su parte, el Artículo 635 establece que de no poder identificarse al testador en la forma prevista en el Artículo 634, el notario deberá aclarar tal circunstancia, reseñando los documentos que el testador presente con dicho objeto y las señas personales del mismo.

La dación de fe de conocimiento del testador, es un requisito esencial para garantizar la autenticidad y veracidad de la declaración de voluntad de un testador y

constituye una formalidad de fondo que afecta la validez del acto, conforme a lo establecido en el Artículo 636 del Código Civil.

D. Autorización de acta de subsanación para corregir un testamento

Mediante la autorización del Acta Notarial número 31 del 18 de agosto de 1999, el notario Berríos Pérez pretendió corregir el primer apellido de una legataria instituida en uno de los testamentos objeto del presente informe. Aun cuando el ordenamiento notarial permite la rectificación y la subsanación de los defectos de que adolezcan los documentos notariales *inter vivos*, por acta notarial bajo ciertas condiciones, la Regla 39 del Reglamento Notarial expresamente excluye la utilización de este medio para subsanar los testamentos.

III

Como puede deducirse de todo lo anterior, en los dos asuntos que aquí nos conciernen el notario Berríos Pérez incumplió con las disposiciones de ley aplicables a la autorización de testamentos, lo cual pone en entredicho su validez, y constituyen faltas graves que exponen al notario inevitablemente a la jurisdicción disciplinaria de este Tribunal.

Al ponderar la sanción que procede aquí, debemos tomar en cuenta que la actuación errónea del notario no causó

daños ya que en las dos instancias concernidas la distribución de la herencia se hizo conforme a lo dispuesto en los testimonios en cuestión. Así mismo debemos tomar en cuenta que el notario ha comparecido ante nos y ha aceptado sinceramente los errores cometidos. Se trata de un abogado notario de más de 80 años de edad, que hasta este caso no había cometido faltas en su desempeño profesional y quien se ha distinguido por su participación en el Programa Pro-Bono del Colegio de Abogados.

En vista de todo lo anterior, se suspende a Alfredo Berríos Pérez por tres meses del ejercicio de la notaría solamente.

Se le impone a Alfredo Berríos Pérez el deber de acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión Per Curiam y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Alfredo Berríos Pérez                    TS-5852

SENTENCIA

San Juan, Puerto Rico, a 23 de octubre de 2007.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende a Alfredo Berríos Pérez por tres meses del ejercicio de la notaría.

Se le impone a Alfredo Berríos Pérez el deber de acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión Per Curiam y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Fiol Matta no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo